DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
JANET S. SOULTANIAN, SBN 252602
jsoultanian@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:   (818) 508-3700
Facsimile:    (818) 506-4827

Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST,
PRECIOUS MAYES, and ASSIBI Z.
ABUDU

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive,,<br><br>        Defendants. | Case No. 2:21-CV-4601<br><br>Los Angeles Superior Court Case No. 21STCV15659<br><br>**NOTICE OF REMOVAL OF CIVIL ACTION; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>**[Filed concurrently with Civil Coversheet; Notice of Interested Parties; Declaration of Gregg Yost; and Declaration of David J. Fishman]**<br><br>[28 U.S.C. §§ 1331, 1441 and 1446]<br><br>Action Filed:    April 26, 2021<br>Trial Date:    None Set |

**TO THE CLERK OF THE ABOVE-TITLED COURT AND PLAINTIFF AL FAUSTINO DE GUZMAN, AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendants PACIFICA OF THE VALLEY CORPORATION ("Pacifica"), GREGG YOST ("Yost"), PRECIOUS MAYES ("Mayes") and ASSIBU Z. ABUDU ("Abudu") (hereinafter collectively referred to as "Defendants") hereby affect the removal of the above-referenced action from the Superior Court in the State of California for the County of Los Angeles to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. Sections 1331, 1441 and 1446.

This Notice is based upon the original jurisdiction of the federal district court over the parties under 28 U.S.C. Section 1331 based upon the existence of a federal question. Defendants make the following allegations in support of their Notice of Removal:

## JURISDICTION

1. This action is one over which this court has original jurisdiction under 28 U.S.C. Section 1331 and is one which may be removed by Defendants pursuant to 28 U.S.C. Section 1441(a)(c).

2. On April 26, 2021, Plaintiff Al Fuastino De Guzman ("Plaintiff") filed his Complaint in the above-entitled civil action in the Superior Court for the State of California, County of Los Angeles, Case No. 21STCV15659, which is presently pending against Defendants (hereinafter the "Superior Court Action"). The Complaint purports to state claims for: (1) Violation of Labor Code Section 1102.5; (2) Wrongful Discharge in Violation of Public Policy; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; and (5) Violation of Business & Professions Code Section 17200, *et seq.* True and correct copies of the Summons, Complaint, and Civil Case Cover Sheet served on Defendants are attached hereto as **Exhibit A.**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

3.      Defendants first became aware of the Superior Court Action on May 3, 2021, when they were served with the Summons and Complaint setting forth the claims for relief upon which Plaintiff's Superior Court Action is based, and a Civil Case Cover Sheet.  (See Exhibit A; Fishman Decl. ¶ 2.)

4.      Defendants allege based on information and belief that none of the purported "Doe" defendants have been served with the Complaint.

5.      On June 2, 2021, Defendants filed unverified Answers in State Court. (Fishman Decl. ¶ 3.)

6.      All pleadings, process, and orders served on Defendants in the State Action are attached hereto as **Exhibit A**.  (Fishman Decl. ¶ 4.)

## **FEDERAL QUESTION JURISDICTION**

7.      This Court has original jurisdiction over this civil action under 28 U.S.C. § 1331, which provides that the federal district courts have original jurisdiction in actions "arising under the Constitution, laws, or treatises of the United States." Plaintiff's Superior Court Action is a civil action over which this District Court has original subject matter jurisdiction pursuant to 29 U.S.C. § 185(a) and 28 U.S.C. §§ 1331, 1332 and 1337, and is one that may be properly removed to this District Court pursuant to 28 U.S.C. § 1441, in that:

a.      The Complaint alleges that Defendant PACIFICA conducts business in California, that Defendants YOST, MAYES and ABUDU are residents of California, and that Plaintiff was an employee of PACIFICA and is a resident of Los Angeles County, California, and that the facts giving rise to Plaintiff's claims occurred in Los Angeles County, California. (Complaint ¶¶ 4, 5-9.)

b.      Plaintiff alleges in his complaint that he was employed by Pacifica from March 2002 until his termination on or about November 23, 2020.  (Complaint ¶¶ 13, 20.)  He alleges he made complaints to human resources and management regarding alleged violations of procedures and state and federal law regarding patient care. (Complaint ¶¶ 14-20.)

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

c.   At all times material herein, Pacifica was an employer employing employees in an industry affecting commerce within the meaning of Sections 2(2) and 2(7) of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. §§ 152 (2), (7).

d.   At all times material herein, Plaintiff was a party to a collective bargaining agreement ("CBA") which governed his employment.  A true and correct copy of the CBA is attached to the Declaration of Gregg Yost ("Yost Decl.") as Exhibit 1.  Among other things, this CBA provides with respect to "Discipline and Discharge:"

A. Just Cause

The Hospital may only discipline an employee for just cause. Just cause shall be determined using the following tests:

1. Did the employee breach a reasonable Hospital rule, policy, or commit an act of omission or commission adversely effecting the Hospital's business or operation that a reasonable person would know is misconduct?
2. Notice - Did the Hospital post its rules or policies in an Employee handbook, Policy & Procedure or on the Hospital's bulletin boards or otherwise inform the employee of the rule or policy?
3. Investigation - Did the Hospital investigate the alleged offense and uncover
sufficient proof of the violation alleged?
4. Was the steward or other union representative present when and if the Hospital conducted an investigatory interview with the accused employee?
5. Was the investigation fair and objective?
6. Equal Treatment - Are all policies applied even handedly and without discrimination?
7. Penalty - Was the degree of discipline reasonably related to the seriousness of the offense?

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### B. Progressive Discipline

Unless circumstance warrant severe actions, the Employer will use a system of progressive discipline. Progressive steps may include verbal counseling, written counseling and for warnings, disciplinary suspensions without pay, and termination of employment.

(Yost Decl., Ex. 1, page 17, Article XIII.)

The CBA also provides: "Except as restricted by the express written terms of this agreement federal, state, and local laws, The Management of the Hospital and the Operation of its Business is unlimited."  (Yost Decl., Ex. 1, page 31, Article XXIX.)

The CBA also provides for a mandatory grievance procedure.  (Yost Decl., Ex. 1, page 25, Article XXII.)  The CBA requires that "*[a]ll such grievances shall* be settled promptly . . ." pursuant to the procedure set forth in the CBA. (Id (emphasis added).)   This mandatory grievance procedure culminates in final and binding arbitration.  (Id. at 25 – 27.)

e.      Plaintiff's Complaint purports to state claims related to violation of Labor Code Section 1102.5.  In Paragraph 23 of the Complaint, Plaintiff alleges that "Pacifica violated Labor Code § 1102.5 by … ***making, adopting or enforcing a rule, regulation or policy preventing Plaintiff from disclosing information to a government or law enforcement agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance***, where Plaintiff had reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation or noncompliance with a state or federal regulation." (Complaint, para. 23a (emphasis added).)   Therefore, since the CBA contains the "rule, regulation and policy" that Plaintiff was required to follow in asserting a complaint (*i.e.*, the mandatory grievance procedure), the CBA must be interpreted to determine whether Pacifica "mad[e], adopt[ed], or enforc[ed] a rule, regulation or policy preventing

Plaintiff from disclosing information to a government or law enforcement agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance" in violation of California Labor Code section 1102.5(a).   In addition, Plaintiff's intentional infliction of emotional distress and negligent infliction of emotional distress claims arise out of his complaints and discharge and Defendants' conduct in the investigation leading up to it.  (Complaint, paras. 22-27, 34-46.)  A determination of the validity of his emotional distress claims will require the Court to decide whether his discharge was justified under the terms of the CBA.   All of these claims in Plaintiff's Complaint, as well as the applicability *vel non* of the mandatory grievance and arbitration procedure of the CBA to all of these claims in Plaintiff's Complaint, arise out of or require the interpretation of the CBA governing Plaintiff's employment with Pacifica. As such, this District Court has jurisdiction over the Complaint pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.  *See, e.g., Lingle v. Norge Div. Of Magic Chef*, 486 U.S. 399, 405-06 (1988); *Caterpillar, Inc. v. Williams*, 482 U.S. 386 (1987); *Firestone v. Southern Cal. Gas Co.*, 281 F.3d 801 (9th Cir. 2002); *McCormick v. AT&T Technologies, Inc.*, 934 F.2d 531, 534-37 (4th Cir. 1991); *Jackson v. Southern Cal. Gas Co.*, 881 F.2d 638, 645-46 (9th Cir. 1989).   Federal courts have jurisdiction over a lawsuit alleging a breach of a collective bargaining agreement entered into between a union and employer in the private sector under Section 301 of the LMRA.  *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 23 (1983).  Section 301 of the LMRA has such an extraordinary preemptive force, providing federal jurisdiction over "suits for violation of contracts between an employer and a labor organization." *Young v. Anthony's Fish Grottos, Inc.,* 830 F.2d 993, 997 (9th Cir. 1987), quoting 29 U.S.C. § 185.  A suit for breach of a collective bargaining agreement is governed exclusively by federal law under Section 301, irrespective of how it is pleaded.  *Id.* at 997.  Indeed, the preemptive force of Section 301 is so powerful as to displace entirely *any* state claim the outcome

1    of which depends on analysis of the terms of the CBA.  *Id.*

2        f.      The Complaint establishes that some or all of the claims involve a federal

3    question since they arise under a law of the United States, namely, the LMRA. Thus,

4    this District Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1331.

5        g.      The Complaint establishes that some or all of the claims arise under an

6    Act of Congress regulating commerce, namely, the LMRA.  As such, this District

7    Court has jurisdiction over the Complaint pursuant to 28 U.S.C. § 1337.

8        h.      To the extent the Complaint asserts claims that do not arise under the

9    LMRA, this District Court has jurisdiction over such claims pursuant to 28 U.S.C. §§

10   1367 and 1441(c), and the doctrine of supplemental jurisdiction.  *California Dep't of*

11   *Water Resources v. Powerex Corp.*, 533 F.3d 1087, 1092 (9th Cir. 2008).

12       8.      This District Court has jurisdiction over all the parties, and its territorial

13   jurisdiction embraces the place where the Superior Court Action is pending.

14                       **THE REMOVAL IS TIMELY**

15       9.      As required by 28 U.S.C. section 1446(d), this Notice of Removal is

16   timely in that it has been filed within thirty (30) days of Defendants' first receipt of

17   the Summons and Complaint.

18       10.     As required by 28 U.S.C. section 1446(d), Defendants will give notice

19   of this removal to Plaintiff through his attorneys of record.

20       11.     As required by 28 U.S.C. section 1446(d), a copy of this Notice will be

21   filed with the Superior Court of the State of California in and for the County of Los

22   Angeles.

23       **WHEREFORE**, Defendants pray that Plaintiff's Superior Court Action be

24   removed from the Los Angeles County Superior Court to this District Court.

25

26

27

28

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DATED:  June 3, 2021

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: _____

DAVID J. FISHMAN
JANET SOULTANIAN
Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST, PRECIOUS
MAYES, and ASSIBI Z. ABUDU

I certify under Fed. R. Civ. P. 11 that the foregoing is true and correct to the best of my knowledge.

DATED:  June 3, 2021

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: _____

DAVID J. FISHMAN
JANET SOULTANIAN
Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST, PRECIOUS
MAYES, and ASSIBI Z. ABUDU

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT OF NOTICE OF REMOVAL

### I. INTRODUCTION

Plaintiff alleges five causes of action in his Complaint: (1) Violation of Labor Code Section 1102.5; (2) Wrongful Discharge in Violation of Public Policy; (3) Intentional Infliction of Emotional Distress; (4) Negligent Infliction of Emotional Distress; and (5) Violation of Business & Professions Code Section 17200, *et seq*. the Complaint is preempted by Section 301 of the LMRA, and the case can be removed on federal question grounds. At all relevant times, Plaintiff was covered by a collective bargaining agreement ("CBA") that contains provisions on just cause termination, discipline, and a mandatory grievance procedure. (Yost Decl., ¶ 3, Exh. 1.) Plaintiff's allegations arise out of or require the interpretation of the CBA governing Plaintiff's employment with Defendant Pacifica of the Valley Corporation ("Pacifica"). As such, this District Court has jurisdiction over the Complaint pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

### I. PLAINTIFF'S SUPERIOR COURT ACTION CAN BE REMOVED BASED ON FEDERAL QUESTION.

The removal is proper based on federal question jurisdiction. Removal of a state court action pursuant to 28 U.S.C. § 1441(a) is proper if the initial pleading alleges facts sufficient to state a cause of action which could have been brought originally in federal court. *Franchise Tax Board v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10 (1983); *Sullivan v. First Affiliated Secur., Inc.*, 813 F.2d 1368, 1371 (9th Cir. 1987). Here, removal based on federal question is proper because Plaintiff's claims are completely preempted by Section 301 of the LMRA.

At all relevant times, Plaintiff was subject to a CBA. The CBA has express provisions on Discipline and Discharge (Article XIII), Management Rights (Article XXII), and contains a mandatory Grievance Procedure, culminating in final and binding arbitration (Article XXII, "Grievance and Arbitration Procedure"). The CBA

requires that all complaints "***shall*** be settled promptly . . ." pursuant to the grievance procedure set forth in the CBA. (Id.) (emphasis added)  (Yost Decl., ¶¶ 3-4, Exh. 1.)

At all times material herein, Plaintiff was a party to a collective bargaining agreement ("CBA") which governed his employment.  A true and correct copy of the CBA is attached to the Declaration of Gregg Yost as Exhibit 1.  Among other things, this CBA provides with respect to "Discipline and Discharge:"

A. Just Cause

The Hospital may only discipline an employee for just cause. Just cause shall be determined using the following tests:

1. Did the employee breach a reasonable Hospital rule, policy, or commit an act of omission or commission adversely effecting the Hospital's business or operation that a reasonable person would know is misconduct?

2. Notice - Did the Hospital post its rules or policies in an Employee handbook, Policy & Procedure or on the Hospital's bulletin boards or otherwise inform the employee of the rule or policy?

3. Investigation - Did the Hospital investigate the alleged offense and uncover
sufficient proof of the violation alleged?

4. Was the steward or other union representative present when and if the Hospital conducted an investigatory interview with the accused employee?

5. Was the investigation fair and objective?

6. Equal Treatment - Are all policies applied even handedly and without discrimination?

7. Penalty - Was the degree of discipline reasonably related to the seriousness of the offense?

B. Progressive Discipline

Unless circumstance warrant severe actions, the Employer will use a system of progressive discipline. Progressive steps may include verbal counseling, written counseling

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1   and for warnings, disciplinary suspensions without pay, and
2   termination of employment.

3   (Yost Decl., ¶ 3, Ex. 1, page 17, Article XIII.)

4   The CBA also provides: "Except as restricted by the express written terms of
5   this agreement federal, state, and local laws, The Management of the Hospital and the
6   Operation of its Business is unlimited."  (Yost Decl., ¶ 3, Ex. 1, page 31, Article
7   XXIX.)

8   The CBA also provides for a mandatory grievance procedure.  (Yost Decl., ¶¶
9   3-4, Ex. 1, page 25, Article XXII.)  The CBA requires that "*[a]ll such grievances*
10  *shall* be settled promptly . . ." pursuant to the procedure set forth in the CBA. (Id.)
11  (emphasis added)  This mandatory grievance procedure culminates in final and
12  binding arbitration.  (Id. at 25 – 27.)

13  The law is clear that state law claims which are founded on rights created by a
14  CBA are completely preempted by Section 301.  *Caterpillar, Inc. v. Williams*, 482
15  U.S. 386, 394 (1987).  Likewise, state law claims which are substantially dependent
16  on the analysis of a CBA or require reference to or interpretation of a CBA are also
17  preempted by Section 301.  *Lingle v. Norge Div. of Magic Chef*, 486 U.S. 399, 405-
18  06 (1988).  A plaintiff "cannot escape the preemptive effect of section 301 by
19  recasting [his/her] contract claims as tort claims." *Allis-Chalmers Corp. v. Lueck*, 471
20  U.S. 202, 210-11 (1985).

21  Here, the resolution of Plaintiff's claims alleging retaliation under Labor Code
22  Section 1102.5(a), and the resolution of all claims derivative thereof (wrongful
23  termination in violation of public policy, intentional infliction of emotional distress,
24  negligent infliction of emotional distress, and violation of Business & Professions
25  Code Section 17200), depends upon the interpretation of the CBA – as such, these
26  claims are preempted by Section 301.  Plaintiff claims Pacifica violated Section
27  1102.5(a) of the Labor Code by "making, adopting or enforcing a rule, regulation or
28  policy preventing Plaintiff from disclosing information to a government or law

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

enforcement agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where Plaintiff had reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation or noncompliance with a state or federal regulation." (Complaint para. 23a.) The CBA governed Plaintiff's employment and provided the "rule[s], regulation[s] [and] polic[ies]" pertaining to his employment. (Yost Decl., ¶¶ 3-5, Ex. 1.) Therefore, since the CBA contains the "rule, regulation and policy" that Plaintiff was required to follow in asserting a complaint (*i.e.*, the mandatory grievance procedure), the CBA must be interpreted to determine whether Pacifica "mad[e], adopt[ed], or enforc[ed] a rule, regulation or policy preventing Plaintiff from disclosing information to a government or law enforcement agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance" in violation of California Labor Code section 1102.5(a). Further, Plaintiff's claims for intentional infliction of emotional distress and negligent infliction of emotional distress are preempted because they are based on whether the retaliation and/or discharge were lawful (i.e., based on just cause). Thus, his claims for emotional distress also depend on the interpretation of the CBA. *See Newberry v. Pacific Racing Ass'n*, 854 F2d 1142, 1147 (9th Cir. 1988) (claims for intentional infliction of emotional distress were incidental to wrongful discharge; whether discharge was "wrongful" depended on whether CBA provided ground for discharge).

Here, Defendants will rely on the CBA provisions for rules, regulations and policies that governed Plaintiff's employment along with its definition for just cause terminations to establish whether Plaintiff was retaliated against under Labor Code Section 1102.5 and whether his discharge was just leading up to his claims for emotional distress. Thus, Plaintiff's claims are preempted by Section 301, and the removal is proper on this basis.

## III.    <u>CONCLUSION</u>

For all the foregoing reasons, Defendants respectfully request that Plaintiff's Superior Court Action be removed to this District Court.

DATED:  June 3, 2021

BALLARD ROSENBERG GOLPER & SAVITT, LLP

By: _____

DAVID J. FISHMAN
JANET SOULTANIAN
Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST, PRECIOUS
MAYES, and ASSIBI Z. ABUDU

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## PROOF OF SERVICE

2    **STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

3         I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is
4    15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436, USA.

5         On June 3, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this
6    action as follows:

7    Shaun Setareh
     David Keledjian
8    Kelsey Revich
     SETAREH LAW GROUP
9    9665 Wilshire Blvd, Ste 460
     Beverly Hills, CA 90212
10   Tel: (310) 888-7771
     Fax: (310) 888-0103
11   shaun@setarehlaw.com
     david@setarehlaw.com
12   kelsey@setarehlaw.com

13   ☒      **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission by transmitting a PDF format copy of such document(s) to each such
14   person at the email address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported
15   as complete and without error.

16   ☒      **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List.  I am "readily
17   familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under
18   that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection
19   and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

20        I declare under penalty of perjury under the laws of the State of California
21   that the foregoing is true and correct.

22        Executed on June 3, 2021, at Encino, California.

23

24

25   _____
26   Lisa Aguilar

27

28

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2021 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:21-cv-04601-RGK-KS   Document 1   Filed 06/03/21   Page 16 of 84   Page ID #:16
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Armen Tamzarian

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
David Keledjian (SBN 309135)
david@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 460
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff AL FUASTINO DE GUZMAN

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

## UNLIMITED JURISDICTION

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual, | Case No.  21STCV15659 |
| *Plaintiff,* | **COMPLAINT FOR:** |
| vs. | 1. Violation of Labor Code § 1102.5; |
| PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive, | 2. Wrongful Discharge in Violation of Public Policy; |
| | 3. Intentional Infliction of Emotional Distress; |
| | 4. Negligent Infliction of Emotional Distress; and |
| *Defendants.* | 5. Violation of Business & Professions Code § 17200, *et seq.* |
| | **JURY TRIAL DEMANDED** |

COMPLAINT

1    Plaintiff AL FUASTINO DE GUZMAN ("Plaintiff"), complains and allege as follows:

2                                    **INTRODUCTION**

3        1.      Plaintiff brings this action against Defendants PACIFICA OF THE VALLEY

4    CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an

5    individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive, (collectively

6    referred to as "Defendants") for alleged violations of the California Labor Code, California Business

7    and Professions Code, and common law.

8                               **JURISDICTON AND VENUE**

9        2.      This Court has subject matter jurisdiction to hear this case because the monetary

10   damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction

11   of the Superior Court of the State of California.

12       3.      Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure

13   sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions

14   that are the subject matter of this Complaint occurred therein and/or each defendant is found,

15   maintains offices, transacts business and/or has an agent therein or that Defendant is either a resident.

16       4.      Venue is proper in Los Angeles County because Defendants' have at all times alleged

17   herein, conducted business in Los Angeles County, and throughout California.  As such, venue is

18   proper in any county in California.

19                                      **PARTIES**

20       5.      Plaintiff AL FUASTINO DE GUZMAN is, and at all relevant times mentioned herein,

21   an individual residing in the State of California.

22       6.      Plaintiff is informed and believes, and thereupon alleges that Defendant PACIFICA

23   OF THE VALLEY CORPORATION ("Pacifica"), is, and at all relevant times mentioned herein, a

24   Delaware corporation doing business in the State of California.

25       7.      Plaintiff is informed and believes, and thereupon alleges that Defendant GREGG

26   YOST, is, and at all relevant times mentioned herein, an individual over the age of eighteen, and

27   residing in the State of California.

28       8.      Plaintiff is informed and believes, and thereupon alleges that Defendant PRECIOUS

1  MAYES, is, and at all relevant times mentioned herein, an individual over the age of eighteen, and

2  residing in the State of California.

3        9.     Plaintiff is informed and believes, and thereupon alleges that Defendant ASSIBI Z.

4  ABUDU, is, and at all relevant times mentioned herein, an individual over the age of eighteen, and

5  residing in the State of California.

6        10.    Plaintiff is ignorant of the true names and capacities of the defendants sued herein as

7  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names.  Plaintiff

8  will amend this Complaint to allege the true names and capacities of the DOE defendants when

9  ascertained.  Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously

10  named defendants are responsible in some manner for the occurrences, acts and omissions alleged

11  herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of

12  them.  Plaintiff will amend this complaint to allege both the true names and capacities of the DOE

13  defendants when ascertained.

14        11.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

15  mentioned herein, some or all of the defendants were the representatives, agents, employees, partners,

16  directors, associates, joint venturers, joint employers, principals or co-participants of some or all of

17  the other defendants, and in doing the things alleged herein, were acting within the course and scope

18  of such relationship and with the full knowledge, consent and ratification by such other defendants.

19        12.    Plaintiff is informed and believes, and thereupon alleges that, at all relevant times

20  mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and

21  conspired with one another, and aided and abetted one another to accomplish the occurrences, acts

22  and omissions alleged herein.

23                    **GENERAL ALLEGATIONS**

24        13.    Plaintiff was hired by Pacifica on or about March 2002 as a respiratory therapist.

25        14.    Plaintiff was a hardworking employee who, for almost two decades, performed his

26  duties in a competent and efficient manner within Pacifica's rules and policies.

27        15.    On or around August 30, 2020, Plaintiff noticed that one of Pacifica's patients had

28  become unresponsive, and immediately contacted the charge nurse, Sophia. He then asked both the

1    charge nurse, Sophia, as well as another nurse on staff by the name of Blake, to immediately verify

2    whether the patient had an advance directive of do-not-resuscitate (hereinafter "DNR") to determine

3    whether cardiopulmonary resuscitation (or "CPR") could be performed. He also asked them to

4    provide an assessment. Plaintiff's requests were ignored. Desperate to save the patient's life, Plaintiff

5    tried to locate the patient's "ambu bag" (a resuscitation bag which connects to the oxygen source) to

6    ensure 100% oxygen would be administered to the patient. Despite a search, the ambu bag was

7    nowhere to be found.

8         16.    Plaintiff again asked the charge nurse and the Nurse Supervisor, Maricela, whether the

9    patient had a DNR and whether the resuscitation team (or the "code blue team") should be called to

10    resuscitate the patient. Again, Plaintiff's requests were ignored. As a final attempt, Plaintiff called the

11    Emergency Room Doctor at the Surge 4 Unit, Defendant Abudu. Plaintiff asked Dr. Abudu if he is

12    allowed to revive the patient, as there may be a DNR. Dr. Abudu responded, "What for? There's no

13    point in reviving. Let him go with dignity."

14         17.    The patient died.

15         18.    On or about October 7, 2020 Plaintiff sent Pacifica; Defendant Gregg Yost of

16    Pacifica's Human Resources Department; and Defendant Precious Mayes (Pacifica's CEO) a detailed

17    letter, complaining that Pacifica, and its employees, had failed to follow the proper procedures

18    regarding advance directives and DNR pertaining to the patient, all in violation of: 42 U.S.C. §1395cc;

19    42 C.F.R. § 482.13; 42 C.F.R. § 489.102; 42 C.F.R. § 417.436; Cal. Probate Code §§ 4701, 4731,

20    4733, 4736, 4740-43, Cal. Bus. & Prof. Code §§ 3700, *et seq.*, as well as the general standards and

21    requisite duties of care owed by healthcare providers to patients.

22         19.    Having never heard back, on or about November 20, 2020, Plaintiff sent another email

23    to Pacifica and Yost, again explaining the facts of the August 30, 2020 incident, and that Pacifica,

24    including the nurses, employees, and Dr. Abudu, all "violated the law."

25         20.    Just three days after receiving Plaintiff's last complaint, Pacifica terminated Plaintiff's

26    employment on or about November 23, 2020.

27    ///

28    ///

**FIRST CAUSE OF ACTION**

**VIOLATION OF LABOR CODE § 1102.5**

(Against Defendant PACIFICA OF THE VALLEY CORPORATION)

21.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

22.     Plaintiff attempted to disclose and remedy Pacifica's violations of both state and federal law by objecting to and complaining about them. Plaintiff disclosed the violations to Pacifica's management, to persons with authority over him, and to another employee who had authority to investigate, discover, or correct the violation or noncompliance, specifically, the charge nurse, the Nursing Supervisor, Defendant Yost of Pacifica's Human Resources Department, and Defendant Precious, the CEO.

23.     Pacifica violated Labor Code § 1102.5 by, inter alia:

   a.   Making, adopting or enforcing a rule, regulation or policy preventing Plaintiff from disclosing information to a government or law enforcement agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where Plaintiff had reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation or noncompliance with a state or federal regulation;

   b.   Retaliating against Plaintiff for disclosing information to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, where Plaintiff had reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation;

   c.   Retaliating against Plaintiff for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation; and,

   d.   Retaliating against Plaintiff for having exercised his rights under the foregoing

1   paragraphs 29 a, b and c.

2   24.   Pacifica resisted and opposed Plaintiff's attempts to disclose and remedy its violations

3   of both California and Federal law, including, but not limited to:  42 U.S.C. §1395cc; 42 C.F.R. §

4   482.13; 42 C.F.R. § 489.102; 42 C.F.R. § 417.436; Cal. Probate Code §§ 4701, 4731, 4733, 4736,

5   4740-43, Cal. Bus. & Prof. Code §§ 3700, *et seq.*, as well as the general standards and requisite duties

6   of care owed by healthcare providers to patients.   Indeed Pacifica retaliated against Plaintiff for

7   disclosing Pacifica's violations and unlawful practices and for refusing to participate in them by

8   terminating him.

9   25.   As a direct and proximate cause of Pacifica's violation of <u>Labor Code § 1102.5</u>,

10   Plaintiff has suffered damages, including, but not limited to, lost wages and work benefits, in a sum

11   to be determined at trial.

12   26.   As a proximate result of the wrongful acts of Pacifica, Plaintiff has suffered and

13   continues to suffer actual, consequential, and incidental financial losses, including without limitation,

14   loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and

15   embarrassment, all in an amount subject to proof at the time of trial.

16   27.   The aforementioned acts of Pacifica were willful, wanton, malicious, intentional,

17   oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff,

18   and were done by managerial agents and employees of Pacifica, or with the express knowledge,

19   consent, and ratification of managerial employees of Pacifica, and thereby justify the awarding of

20   punitive and exemplary damages in an amount to be determined at the time of trial.

21   **<u>SECOND CAUSE OF ACTION</u>**

22   **WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY**

23   (Against Defendant PACIFICA OF THE VALLEY CORPORATION)

24   28.   Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth

25   herein.

26   29.   Plaintiff's multiple complaints regarding Pacifica's violation of California and Federal

27   law, all discussed above, were jointly and severally substantial factors in Pacifica's decision to

28   terminate Plaintiff's employment.

30. Plaintiff's discharge was wrongful in that it violated the fundamental public policies of this State and of the United States prohibiting retaliation. These public policies are embodied in Labor Code § 1102.5.

31. As a direct and proximate cause of Pacifica's wrongful discharge, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

32. As a proximate result of the wrongful acts of Pacifica, and each of them, Plaintiff has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

33. The aforementioned acts of Pacifica were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Pacifica, or with the express knowledge, consent, and ratification of managerial employees of Pacifica, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

34. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

35. Defendants' retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

36. Defendants had the intention of causing and/or recklessly disregarded the probability of causing emotional distress to Plaintiff and did, in fact, cause emotional distress to Plaintiff. Defendants' misconduct caused Plaintiff severe emotional distress, including, but not limited to, depression and anxiety.

37. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to

1  sustain substantial losses of earnings and other employment benefits as a result of being emotionally

2  distressed.

3          38.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has

4  suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

5  anguish, all to his damage in a sum according to proof.

6          39.     Defendants' misconduct was done intentionally, in a malicious and oppressive

7  manner, entitling Plaintiff to punitive damages.

8                              **FOURTH CAUSE OF ACTION**

9                  **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

10                              (Against All Defendants)

11         40.     Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full

12  herein.

13         41.     Defendants owed Plaintiff a duty because of their preexisting relationship as

14  employer-employee, employee-manager/superior, or coworkers, to refrain from retaliating Plaintiff

15  because of his complaints in violation of Labor Code § 1102.5

16         42.     Defendants owed a further duty to Plaintiff to take reasonable steps to take reasonable

17  action to avoid these wrongful acts and to reasonably deal with them upon learning of their existence.

18         43.     Defendants' acts and/or omissions constituting, authorizing, condoning, and ratifying

19  retaliation, as alleged above, toward Plaintiff, and Defendants' failure to take reasonable steps to

20  avoid these wrongful acts or reasonably deal with them upon learning of their existence, constituted

21  breaches of their respective duties.

22         44.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has

23  suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to

24  sustain substantial losses of earnings and other employment benefits as a result of being emotionally

25  distressed.

26         45.     As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has

27  suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and

28  anguish, all to his damage in a sum according to proof.

46.     The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

### VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200

(Against Defendant PACIFICA OF THE VALLEY CORPORATION)

47.     Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

48.     California Business and Professions Code §§17200 et seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

49.     California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

50.     Pacifica committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this complaint, including, but not limited to, violation of Labor Code § 1102.5 and common law.

51.     The violations of these laws and regulations, as well as of the fundamental California public policies underlying them, serve as unlawful predicate acts and practices for the purposes of Business and Professions Code §§17200 et seq.

52.     The acts and practices alleged above have unlawfully deprived Plaintiff of the rights due to him under the law while enabling Pacifica to gain an unfair competitive advantage over law-abiding employers and competitors.

53.     As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have continued to receive as an employee of Pacifica.

54.     Plaintiff seeks an order of this Court awarding restitution, injunctive relief, and all

1   other legal and equitable relief allowed under Business & Professions Code §17200 et seq., plus

2   interest, attorneys' fees and costs pursuant to, inter alia, Code of Civil Procedure Section 1021.5.

3                                 **PRAYER FOR RELIEF**

4        WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

5        1.      For all actual, consequential, and incidental damages, including but not limited to

6   back pay, front pay, loss of earnings, and employee benefits, according to proof;

7        2.      For general and special damages according to proof;

8        3.      For restitution for unfair competition pursuant to Business & Professions Code

9   § 17200, including disgorgement of profits resulting from Defendants' unlawful business acts and

10  practices, according to proof;

11       4.      For an order enjoining Defendants and their agents, servants, and employees, and all

12  persons acting under, in concert with, or for them, from acting in derogation of any rights or duties

13  adumbrated in this complaint;

14       5.      For pre-judgment and post-judgment interest, according to proof;

15       6.      For punitive and exemplary damages, according to proof;

16       7.      For attorneys' fees, according to proof;

17       8.      For costs of suit incurred herein;

18       9.      For such other relief the Court may deem just and proper.

19                               **DEMAND FOR JURY TRIAL**

20       Plaintiff hereby demands a jury trial on all issues so triable.

21

22  Dated:  April 22, 2021                    SETAREH LAW GROUP

23

24

25

26                                          Shaun Setareh
                                            David Keledjian
27                                          Attorneys for Plaintiff
                                            AL FUASTINO DE GUZMAN
28

                                            9
                                        COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2021 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:21-cv-04601-RGK-KS   Document 1   Filed 06/03/21   Page 26 of 84   Page ID #:26
21STCV15659

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

<table>
<tr><td></td><td><em>FOR COURT USE ONLY<br>(SOLO PARA USO DE LA CORTE)</em></td></tr>
</table>

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual;
PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

AL FUASTINO DE GUZMAN, an individual,

NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

   You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

   There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

   *¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

   *Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

   *Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>Stanley Mosk Courthouse<br>111 N. Hill Street, Los Angeles, CA 90012 | CASE NUMBER: *(Número del Caso):*<br>**21STCV15659** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
David Keledjian, Esq. of the Setareh Law Group, 9665 Wilshire Blvd., Suite 430, Beverly Hills, CA 90212 (310) 888-7771

| DATE: | Sherri R. Carter Executive Officer / Clerk of Court | Clerk, by | | , Deputy |
|---|---|---|---|---|
| *(Fecha)* April 26, 2021 04/26/2021 | | *(Secretario)* R. Clifton | | *(Adjunto)* |

(*For proof of service of this summons, use* Proof of Service of Summons (form POS-010).)
(*Para prueba de entrega de esta citatión use el formulario* Proof of Service of Summons, (POS-010).)

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify)*:
3. ☐ on behalf of *(specify)*:

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
   ☐ CCP 416.20 (defunct corporation)          ☐ CCP 416.70 (conservatee)
   ☐ CCP 416.40 (association or partnership)          ☐ CCP 416.90 (authorized person)
   ☐ other *(specify)*:
4. ☐ by personal delivery on *(date)*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courts.ca.gov*

| | |
|---|---|
| **SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES**<br><br>COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012<br><br>**NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | Reserved for Clerk's File Stamp<br><br>**FILED**<br>Superior Court of California<br>County of Los Angeles<br>04/26/2021<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ R. Clifton _____ Deputy |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>21STCV15659 |

## THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Armen  Tamzarian | 52 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on 04/26/2021
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06

Sherri R. Carter, Executive Officer / Clerk of Court

By R. Clifton_____, Deputy Clerk

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

**CM-010**

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>David Keledjian (SBN 309135); Shaun Setareh (SBN 204514)<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, California 90212<br><br>TELEPHONE NO.: (310) 888-7771  FAX NO. *(Optional):* (310) 888-0109<br>ATTORNEY FOR *(Name):* PACIFICA OF THE VALLEY CORPORATION | | *FOR COURT USE ONLY* |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
 STREET ADDRESS: 111 N. Hill Street
 MAILING ADDRESS:
 CITY AND ZIP CODE: Los Angeles, CA 90012
 BRANCH NAME: Stanley Mosk Courthouse

| | |
|---|---|
| CASE NAME:<br>DE GUZMAN v. PACIFICA OF THE VALLEY CORPORATION, et al. | |

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21STCV15659 |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | [ ] Limited<br>(Amount<br>demanded is<br>$25,000) | [ ] Counter  [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [ ] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [x] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties  d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence  f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary b. [x] nonmonetary; declaratory or injunctive relief c. [x] punitive
4. Number of causes of action *(specify):* Five (5)
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: April 26, 2021

David Keledjian, Esq.
_____
(TYPE OR PRINT NAME)  ►  (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov |

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**CM-010**

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| SHORT TITLE: DE GUZMAN v. PACIFICA OF THE VALLEY CORPORATION, et al. | CASE NUMBER |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases -- unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death -- Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/Wrongful Death Tort** | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 1, 11 |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 1, 11 |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1, 4, 11 |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1, 4, 11 |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1, 4, 11 |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1, 4, 11 |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 1 of 4

| SHORT TITLE: DE GUZMAN v. PACIFICA OF THE VALLEY CORPORATION, et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|
| Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1, 2, 3 |
| Other Employment (15) | ☑ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation         Number of parcels_____ | 2, 6 |
| Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| Unlawful Detainer- Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

Row category labels (left margin, top to bottom): Non-Personal Injury/ Property Damage/ Wrongful Death Tort · Employment · Contract · Real Property · Unlawful Detainer

| SHORT TITLE: DE GUZMAN v. PACIFICA OF THE VALLEY CORPORATION, et al. | CASE NUMBER |
|---|---|

| **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step **3**<br>Above |
|---|---|---|
| Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| Insurance Coverage Claims from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | ☐ A6160  Abstract of Judgment | 2, 6 |
| | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| Partnership Corporation Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| Other Petitions (Not Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | ☐ A6190  Election Contest | 2 |
| | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | ☐ A6100  Other Civil Petition | 2, 9 |

Row group labels (left margin):
- Judicial Review
- Provisionally Complex Litigation
- Enforcement of Judgment
- Miscellaneous Civil Complaints
- Miscellaneous Civil Petitions

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

| SHORT TITLE: DE GUZMAN v. PACIFICA OF THE VALLEY CORPORATION, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address**: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON: | ADDRESS: |
|---|---|
| ☐ 1. ☑ 2. ☑ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11. | 9449 San Fernando Road<br>Sun Valley, CA 91352 |

| CITY: | STATE: | ZIP CODE: |
|---|---|---|
| Sun Valley | CA | 91352 |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __April 26, 2021__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

05/04/2021

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ M. Isunza _____ Deputy

COURTHOUSE ADDRESS:
Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

PLAINTIFF:
AL FUASTINO DE GUZMAN

DEFENDANT:
PACIFICA OF THE VALLEY CORPORATION et al

## NOTICE OF CASE MANAGEMENT CONFERENCE

CASE NUMBER:
21STCV15659

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: 08/24/2021 | Time: 8:30 AM | Dept.: 52 |
|---|---|---|

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT  FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: _____05/04/2021_____

_____
Armen Tamzarian / Judge
Judicial Officer

---

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles_____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Chaim Shaun Setareh
9665 Wilshire Blvd., Suite 430

Beverly Hills, CA 90212

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: _____05/04/2021_____

By __M. Isunza_____
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br><br>05/04/2021<br><br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ M. Isunza _____ Deputy |
| PLAINTIFF/PETITIONER:<br>AL FUASTINO DE GUZMAN | |
| DEFENDANT/RESPONDENT:<br>PACIFICA OF THE VALLEY CORPORATION et al | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>21STCV15659 |

**I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.**

Chaim Shaun Setareh
OLC
9665 Wilshire Blvd., Suite 430
Beverly Hills, CA  90212

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: <u>05/4/2021</u>    By: <u>M. Isunza</u>
Deputy Clerk

**CERTIFICATE OF MAILING**

Electronically FILED by Superior Court of California, County of Los Angeles on 05/07/2021 10:51 AM Sherri R. Carter, Executive Officer/Clerk of Court, by A. Mijo, Deputy Clerk

Case 2:21-cv-04601-RGK-KS   Document 1   Filed 06/03/21   Page 37 of 84   Page ID #:37

**POS-010**

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| none , none<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR (Name): Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: AL FUASTINO DE GUZMAN, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PACIFICA OF THE VALLEY CORPORATION., et a | 21STCV15659 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Pacifica WT |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment, First Amended General Order, Stipulation-Discovery Resolution, Stipulation-Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order-Motions in Limine, Alternative Dispute Resolution (ADR) Information Package.
3. a. Party served: ASSIBI Z. ABUDU, an individual

   b. Person Served: Party in item 3a

4. Address where the party was served: 9449 San Fernando Rd

   Los Angeles, CA 91352

5. I served the party
   b. by substituted service. On (date): 05/05/2021   at (time): 11:15AM   I left the documents listed in item 2 with or
   in the presence of: GREGG YOST - Person In Charge Of Office
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
   (4) A declaration of mailing is attached.
   (5) I attach a declaration of diligence stating actions taken first to attempt personal service.
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. as an individual defendant.

7. **Person who served papers**
   a. Name: Humberto Palacio
   b. Address: One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 69.25
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2627
         (iii) County: Los Angeles

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 05/05/2021

Humberto Palacio
(NAME OF PERSON WHO SERVED PAPERS)                    (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 16223619

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|
| none , none<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd.<br>Beverly Hills, CA 90212 | (310)888-7771<br><br>Ref. No. or File No. | |
| ATTORNEY FOR (Name): Plaintiff | Pacifica WT | |

Insert name of court, judicial district or branch court, if any:

Central District
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF:

AL FUASTINO DE GUZMAN, an individual

DEFENDANT:

PACIFICA OF THE VALLEY CORPORATION., et al

| DECLARATION OF<br>DILIGENCE | | | | CASE NUMBER:<br>21STCV15659 |
|---|---|---|---|---|

I received the within process on 4/27/2021 and that after due and diligent effort I have been unable to personally serve said party. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

PARTY SERVED: ASSIBI Z. ABUDU, an individual

(1)Business: Pacifica Hospital of theValley 9449 San Fernando Rd, , Los Angeles, CA 91352

**BY FAX**

As enumerated below:

On 4/30/2021 4:40:00 PM at address (1) above. SUBJECT NOT IN PER LETTY DOE-HUMAN RESOURCES, HISP FEM, 42 YRS, 5'5, 160 LBS, BLK HAIR & BRN EYES

On 5/3/2021 9:05:00 AM at address (1) above. ENTRANCE CLOSED

On 5/5/2021 11:15:00 AM at address (1) above. sub served

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 05/05/2021 at Petaluma, California.

Registered California process server.
County: Los Angeles
Registration No.: 2627
Humberto Palacio
One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

*Humberto Palacio*

OL # 16223619

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address): | | TELEPHONE NO.: | FOR COURT USE ONLY |
|---|---|---|---|
| none , none | | (310)888-7771 | |
| Law Office of Shaun Setareh | | | |
| 9665 Wilshire Blvd. | | | |
| Beverly Hills, CA 90212 | Ref. No. or File No. | | |
| ATTORNEY FOR (Name): Plaintiff | | Pacifica WT | |

| Insert name of court, judicial district or branch court, if any: |
|---|
| Central District |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF: |
|---|
| AL FUASTINO DE GUZMAN, an individual |

| DEFENDANT: |
|---|
| PACIFICA OF THE VALLEY CORPORATION., et al |

| | | | | CASE NUMBER: |
|---|---|---|---|---|
| PROOF OF SERVICE BY MAIL | | | | 21STCV15659 |

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 05/06/2021, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment, First Amended General Order, Stipulation-Discovery Resolution, Stipulation-Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order-Motions in Limine, Alternative Dispute Resolution (ADR) Information Package,

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma , California, addressed as follows:

ASSIBI Z. ABUDU, an individual

9449 San Fernando Rd
Los Angeles, CA 91352

I am readily familiar with the firm's practice for collection and processing of documents for mailing. Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 69.25

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 05/06/2021 at Petaluma, California.

One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

Travis Carpenter

OL # 16223619

**POS-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br><br>none , none<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>  **TELEPHONE NO.:** (310)888-7771<br>ATTORNEY FOR *(Name):* Plaintiff | FOR COURT USE ONLY |

| |
|---|
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF**<br>Superior Court of California, Los Angeles County<br>111 N. Hill Street<br>Los Angeles, CA 90012-3117 |

| | |
|---|---|
| PLAINTIFF/PETITIONER: AL FUASTINO DE GUZMAN<br><br>DEFENDANT/RESPONDENT: Pacifica of the Valley Corporation, et al. | CASE NUMBER:<br>21STCV15659 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Pacifica WT |

**BY FAX**

1.  At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2.  I served copies of:

Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package

3.  a. Party served:  GREGG YOST, an individual

   b. Person Served: party in item 3a

4.  Address where the party was served: 9449 San Fernando Rd
   Los Angeles, CA 91352
5.  I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to
      receive service of process for the party (1) on (date): 05/05/2021          (2) at  (time): 11:15AM
6.  The "Notice to the Person Served" (on the summons) was completed as follows:

   a. as an individual defendant.

7.  **Person who served papers**
   a.  Name:      Humberto Palacio
   b.  Address:    One Legal - P-000618-Sonoma
                  1400 North McDowell Blvd, Ste 300
                  Petaluma, CA 94954

   c.  Telephone number: 415-491-0606
   d.  The fee for service was: $ 40.00
   e I am:
      (3)  registered California process server.
         (i)  Employee or independent contractor.
         (ii)  Registration No.: 2627
         (iii) County:  Los Angeles

8.  I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date:  05/06/2021

| | |
|---|---|
| Humberto Palacio | *[signature]* |
| (NAME OF PERSON WHO SERVED PAPERS) | (SIGNATURE) |

Form Adopted for Mandatory Use
Judicial Council of California POS-010
[Rev. Jan 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

OL# 16223617

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| none , none<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR (Name): Plaintiff | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF**

Superior Court of California, Los Angeles County
111 N. Hill Street
Los Angeles, CA 90012-3117

| PLAINTIFF/PETITIONER: AL FUASTINO DE GUZMAN | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Pacifica of the Valley Corporation, et al. | 21STCV15659 |

| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>Pacifica WT |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of: Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package

3. a. Party served:   PRECIOUS MAYES, an individual

   b. Person Served: Party in item 3a.
4. Address where the party was served: 9449 San Fernando Rd
   Los Angeles, CA 91352
5. I served the party
   b. by substituted service. On (date): 05/05/2021    at (time): 11:15AM    I left the documents listed in item 2 with or in the presence of: Gregg Yost - HR Office - Person Authorized to Accept
      (1) (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (4) A declaration of mailing is attached.
      (5) I attach a declaration of diligence stating actions taken first to attempt personal service.
6. The "Notice to the Person Served" (on the summons) was completed as follows:

   a. as an individual defendant.

7. **Person who served papers**
   a. Name:      Humberto Palacio
   b. Address:   One Legal - P-000618-Sonoma
      1400 North McDowell Blvd, Ste 300
      Petaluma, CA 94954
   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 109.25
   e. I am:
      (3) registered California process server.
         (i) Employee or independent contractor.
         (ii) Registration No.: 2627
         (iii) County: Los Angeles
8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 05/06/2021

Humberto Palacio
(NAME OF PERSON WHO SERVED PAPERS)                          (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 16223618

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

none , none

Law Office of Shaun Setareh
9665 Wilshire Blvd.
Beverly Hills, CA 90212

TELEPHONE NO.: (310)888-7771

FOR COURT USE ONLY

ATTORNEY FOR (Name): Plaintiff

Ref. No. or File No.

Pacifica WT

Insert name of court, judicial district or branch court, if any:

Central District
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF:

AL FUASTINO DE GUZMAN

DEFENDANT:

Pacifica of the Valley Corporation, et al.

| **DECLARATION OF DILIGENCE** | | | | CASE NUMBER: 21STCV15659 |

I received the within process on 4/27/2021 and that after due and diligent effort I have been unable to personally serve said party. The following itemization of the dates and times of attempts details the efforts required to effect personal service. Additional costs for diligence are recoverable under CCP §1033.5 (a)(4)(B).

PARTY SERVED: PRECIOUS MAYES, an individual

(1)Business: Pacifica Hospital of theValley 9449 San Fernando Rd, , Los Angeles, CA 91352

# BY FAX

As enumerated below:

On 4/30/2021 4:40:00 PM at address (1) above. No Answer SUBJECT NOT IN PER LETTY DOE-HUMAN RESOURCES, HISP FEM, 42 YRS, 5'5, 160 LBS, BLK HAIR & BRN EYES
On 5/3/2021 9:05:00 AM at address (1) above. No Answer ENTRANCE CLOSED

On 5/5/2021 11:15:00 AM at address (1) above. Not In

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 05/06/2021 at Petaluma, California.

Registered California process server.
County: Los Angeles
Registration No.: 2627
Humberto Palacio
One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954



OL # 16223618

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and Address):

none , none
Law Office of Shaun Setareh
9665 Wilshire Blvd.
Beverly Hills, CA 90212

(TELEPHONE NO.) (310)888-7771

FOR COURT USE ONLY

ATTORNEY FOR (Name): Plaintiff

Ref. No. or File No.

Pacifica WT

Insert name of court, judicial district or branch court, if any:

Central District
111 N. Hill Street
Los Angeles, CA 90012-3117

PLAINTIFF:

AL FUASTINO DE GUZMAN

DEFENDANT:

Pacifica of the Valley Corporation, et al.

| **PROOF OF SERVICE BY MAIL** | | | | CASE NUMBER: 21STCV15659 |
|---|---|---|---|---|

**BY FAX**

I am a citizen of the United States, over the age of 18 and not a party to the within action. My business address is 1400 N. McDowell Blvd, Petaluma, CA 94954.

On 05/07/2021, after substituted service under section CCP 415.20(a) or 415.20(b) or FRCP 4(e)(2)(B) or FRCP 4(h)(1)(B) was made (if applicable), I mailed copies of the:

Summons, Complaint, Civil Case Cover Sheet, Notice of Case Assignment, First Amended General Order, Voluntary Efficient Litigation Stipulations, Alternative Dispute Resolution (ADR) Information Package

to the person to be served at the place where the copies were left by placing a true copy thereof enclosed in a sealed envelope, with First Class postage thereon fully prepaid, in the United States Mail at Petaluma , California, addressed as follows:

PRECIOUS MAYES, an individual

9449 San Fernando Rd
Los Angeles, CA 91352

I am readily familiar with the firm's practice for collection and processing of documents for mailing.  Under that practice, it would be deposited within the United States Postal Service, on that same day, with postage thereon fully prepaid, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one (1) day after date of deposit for mailing in affidavit.

Fee for Service: $ 109.25

I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct and that this declaration was executed on 05/07/2021 at Petaluma, California.

One Legal - P-000618-Sonoma
1400 North McDowell Blvd, Ste 300
Petaluma, CA 94954

Travis Carpenter

OL # 16223618

Electronically FILED by Superior Court of California, County of Los Angeles on 04/28/2021 04:48 PM Sherri R. Carter, Executive Officer/Clerk of Court, by W. Moore, Deputy Clerk

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Shaun Setareh, 204514<br>Law Office of Shaun Setareh<br>9665 Wilshire Blvd., Suite 430<br>Beverly Hills, CA 90212<br>TELEPHONE NO.: (310)888-7771<br>ATTORNEY FOR *(Name):* Plaintiff | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF |
|---|
| Superior Court of California, Los Angeles County |
| 111 N. Hill Street |
| Los Angeles, CA 90012-3117 |

| PLAINTIFF/PETITIONER: AL FUASTINO DE GUZMAN, an individual | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: PACIFICA OF THE VALLEY CORPORATION.,et al | 21STCV15659 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>Pacifica WT |
|---|---|

**BY FAX**

1. At the time of service I was a citizen of the United States, at least 18 years of age and not a party to this action.
2. I served copies of:

Complaint, Civil Case Cover Sheet, Summons, Notice of Case Assignment, First Amended General Order, Stipulation-Discovery Resolution, Stipulation-Early Organizational Meeting, Informal Discovery Conference, Stipulation and Order-Motions in Limine, Alternative Dispute Resolution (ADR) Information Package

3. a. Party served: PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation

   b. Person Served: CSC - Susie Vang - Person Authorized to Accept Service of Process

4. Address where the party was served: 2710 Gateway Oaks Drive, Suite 150N
        Sacramento, CA 95833
5. I served the party
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on (date): 04/27/2021 (2) at (time): 1:35PM
6. The "Notice to the Person Served" (on the summons) was completed as follows:


   d. on behalf of:


   PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation
   under: CCP 416.10 (corporation)

7. **Person who served papers**
   a. Name:       Tyler Anthony DiMaria
   b. Address:   One Legal - P-000618-Sonoma
             1400 North McDowell Blvd, Ste 300
             Petaluma, CA 94954

   c. Telephone number: 415-491-0606
   d. The fee for service was: $ 40.00
   e I am:
      (3) registered California process server.
        (i) Employee or independent contractor.
        (ii) Registration No.: 2006-06
        (iii) County: Sacramento

8. I declare under penalty of perjury under the laws of the United States of America and the State of California that the foregoing is true and correct.

Date: 04/27/2021

Tyler Anthony DiMaria
_____
(NAME OF PERSON WHO SERVED PAPERS)                (SIGNATURE)

| Form Adopted for Mandatory Use<br>Judicial Council of California POS-010<br>[Rev. Jan 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|

OL# 16223620

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 01:52 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Panganiban,Deputy Clerk

Shaun Setareh (SBN 204514)
shaun@setarehlaw.com
David Keledjian (SBN 309135)
david@setarehlaw.com
SETAREH LAW GROUP
9665 Wilshire Blvd., Suite 460
Beverly Hills, California 90212
Telephone (310) 888-7771
Facsimile (310) 888-0109

Attorneys for Plaintiff AL FUASTINO DE GUZMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual, | Case No. 21STCV15659 |
| *Plaintiff*, | **PLAINTIFF'S NOTICE OF POSTING JURY FEES** |
| vs. | |
| PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive, | |
| *Defendants*. | |

1 | TO ALL PARTIES HEREIN AND THEIR ATTORNEYS OF RECORD:

2 |     NOTICE IS HEREBY GIVEN that, pursuant to Cal. Code of Civ. Proc. §631(b), plaintiff Al

3 | Fuastino De Guzman has posted initial jury fees in the amount of $150.00.

4 |

5 | Dated:  June 2, 2021                SETAREH LAW GROUP

6 |

7 |

8 | _____

9 | Shaun Setareh
David Keledjian

10 | Attorneys for Plaintiff
AL FUASTINO DE GUZMAN

**PROOF OF SERVICE**

I am a citizen of the United States and am employed in the County of Los Angeles, State of California. I am over the age of 18 and not a party to the within action. My business address is 9665 Wilshire Blvd., Suite 430 Beverly Hills, CA 90212

On June 2, 2021 I served the foregoing documents described as:

**PLAINTIFF'S NOTICE OF POSTING JURY FEES**

in this action by transmitting a true copy thereof enclosed in a sealed envelope addressed as follows:

David Fishman
dfishman@brgslaw.com
Lisa Aguilar
laguilar@brgslaw.com
Janet S. Soultanian
jsoultanian@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT LLP
15760 Ventura Blvd. 18th Floor
Encino, CA 91436
**Counsel for Defendants PACIFICA OF THE VALLEY CORPORATION, GREGG YOST, PRECIOUS MAYES, and ASSIBI Z. ABUDU**

**[X]     ONLY  BY ELECTRONIC TRANSMISSION**

Only by e-mailing the document(s) to the persons at the e-mail address(es) listed based on notice provided on June 2, 2021 that, during the Coronavirus (COVID-19) pandemic, this office will be working remotely, not able to send physical mail as usual, and is therefore using only electronic mail. No electronic message or other indication that the transmission was unsuccessful was received within a reasonable time after the transmission.

**[X]     STATE** I declare under penalty of perjury under the laws of the State of California that the above is true and correct.

Executed on June 2, 2021, at Beverly Hills, California.

Lauren Farrington

PROOF OF SERVICE

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 05:04 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk

Case 2:21-cv-04601-RGK-KS Document 1 Filed 06/03/21 Page 48 of 84 Page ID #:48

DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
JANET S. SOULTANIAN, SBN 252602
jsoultanian@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:    (818) 508-3700
Facsimile:    (818) 506-4827

Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST, PRECIOUS
MAYES and ASSIBI Z. ABUDU

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION**

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual<br><br>                    Plaintiff,<br><br>         vs.<br><br>PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive,,<br><br>                    Defendants. | Case No. 21STCV15659<br><br>**DEFENDANT ASSIBI Z. ABUDU'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Action Filed:     April 26, 2021<br>Trial Date:       None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1554623.1

1

Defendant ASSIBI Z. ABUDU ("Defendant") hereby responds to the Complaint of Plaintiff AL FUASTINO DE GUZMAN ("Plaintiff") and admits, denies and otherwise pleads as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of Code of Civil Procedure Section 431.30, Defendant denies generally and specifically each and every material allegation contained in the Complaint, and each and every purported cause of action set forth therein and the whole thereof.  Defendant further specifically denies that Plaintiff has been damaged in any sum therein alleged, or at all, and/or that Plaintiff is entitled to the relief sought in the Complaint, or to any other relief.

## **AFFIRMATIVE DEFENSES**

### **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State Facts)**

1.     The Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

### **SECOND AFFIRMATIVE DEFENSE**
### **(Good Faith Legitimate, Non-Discriminatory Reasons)**

2.     Any recovery on the Complaint is barred because every action taken by Defendant with respect to Plaintiff was privileged and undertaken in good faith for legitimate, non-discriminatory and non-retaliatory business reasons.

### **THIRD AFFIRMATIVE DEFENSE**
### **(Unclean hands)**

3.     Any recovery on the Complaint is barred by the doctrine of unclean hands.

### **FOURTH AFFIRMATIVE DEFENSE**
### **(Laches)**

4.     Any recovery on the Complaint is barred by the doctrine of laches.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.    Defendant believes that after an appropriate amount of discovery, any recovery on Plaintiff's claim is barred by Plaintiff's own conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.    Any recovery on the Complaint is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

7.    Any act or failure to act by Defendant was not the proximate cause of any injuries allegedly suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Intent to Injure)

8.    Any recovery on the Complaint or portions thereof is barred by the fact that there was no intent to injure Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Malice, Oppression, or Fraud)

9.    Any acts or omissions to act, were not the result of oppression, fraud or malice as such terms are defined by Cal. Civil Code § 3294.

## TENTH AFFIRMATIVE DEFENSE

### (No Severe Emotional Distress)

10.    Defendant believes that after reasonable discovery, he will be able to show that Plaintiff suffered no severe emotional distress.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mitigation)

11.    Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**TWELFTH AFFIRMATIVE DEFENSE**

**(WCA Exclusive Remedy)**

12.     To the extent Plaintiff's Complaint alleges emotional and/or physical injury, any recovery is barred on the ground that the California Workers' Compensation Act provides the exclusive remedy for such alleged injuries.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

13.     Defendant alleges that this action may be barred and/or Defendant's liability may be limited by after acquired evidence of Plaintiff's conduct or misconduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

14.     Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Procedures)**

15.     Plaintiff's Complaint, and each cause of action set forth therein, are barred in whole or in pat in that Plaintiff failed to exhaust the internal procedures that were available to resolve the claims alleged therein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Civil Code § 1431)**

16.     Liability for the amount of non-economic damages, if any, should be allocated to Defendant in direct proportion to their percentage of fault, if any, pursuant to Civil Code § 1431, et seq.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences Doctrine)**

17.     Without admitting that Plaintiff has sustained any damages or detriment, or that Defendant is liable to Plaintiff in any manner whatsoever, Defendant is informed and believes and thereon alleges that Plaintiff unreasonably failed to take advantage of preventative and corrective

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

opportunities, thereby precluding and/or limiting Plaintiff's recovery, if any, and further, that Defendant exercised reasonable care to preclude and correct the behavior complained of by Plaintiff, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

#### (Attorney's Fees)

18.     Defendant is entitled to recover all costs and attorney's fees incurred herein pursuant to Code of Civil Procedure Section 128.7, inasmuch as any and all of the claims alleged in the Complaint are frivolous, unreasonable or without foundation, or as the prevailing party under the Labor Code.

### NINETEENTH AFFIRMATIVE DEFENSE

#### (Justification)

19.     Defendant alleges that without admitting that Defendant engaged in the conduct alleged in this lawsuit, Defendant's conduct was at all times justified, privileged, and undertaken in good faith without any intent to injure Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

#### (No Infliction of Emotional Distress)

20.     Defendant alleges that the purported misconduct of Defendant has not caused Plaintiff to suffer compensable negligent or intentional infliction of emotional distress and that Plaintiff has not suffered any emotional distress as a result of any conduct by Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

#### (No Statutory Damages)

21.     Defendant alleges that Plaintiff is not entitled to recovery statutory damages because Defendant did not engage in any conduct that would give rise to statutory damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

#### (Apportionment)

22.     The liability of Defendant and responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability of Defendant, if any, should be reduced accordingly.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

23.     Defendant alleges that the Complaint, and each cause of action contained therein, may be barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Improper Party)

24.     The Complaint is barred against Defendant on the basis that Defendant was not Plaintiff's employer, or any owner, officer, director or managing agent of Plaintiff's employer.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Ongoing Investigation)

25.     Defendant alleges that he has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserve the right to amend, modify, revise, or supplement its answer and to plead such other defenses and take such other further actions as they may deem proper and necessary in its defense upon completion of said investigation and/or study.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Due Process)

26.     Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's constitutional rights, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16, of the California Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Same Decision)

27.     Even if there was retaliation against Plaintiff (which Defendant denies), Plaintiff is not entitled to recover damages because Defendant would have made the same decision absent the alleged retaliation.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

28.     Defendant exercised reasonable care to prevent, adequately investigate, and promptly correct any alleged wrongful, discriminatory, or retaliatory behavior.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

29.     Any recovery on the Complaint is barred by the applicable statutes of limitations including, without limitation, the one-year statute of limitations of Code of Civil Procedure § 340(a), the two-year statute of limitations of Code of Civil Procedure §§ 335.1 and 339, the three-year statute of limitations of Code of Civil Procedure § 338, and the four-year statute of limitations of Business and Professions Code § 17208.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Exhaustion of Grievance and Arbitration Procedures)

30.     The Complaint is barred by the failure of Plaintiff to exhaust any prerequisite contractual or administrative remedies, including, but not limited to, the grievance and arbitration procedures contained in any applicable collective bargaining agreement or individual arbitration agreements.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (NLRA Preemption)

31.     The Complaint is preempted by Sections 7 and 8 of the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 157, 158).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (LMRA Preemption)

32.     The Complaint is preempted by Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185)

/ / /

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Union at Fault)

33.     The Complaint is barred because any alleged damages are a result of the conduct of the union representing those employees, and, as such, the union is solely responsible for any resulting damage.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

34.     Plaintiff's fifth cause of action contained in the Complaint brought pursuant to California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiff cannot satisfy the requirements of California Code of Civil Procedure Section 382 and Defendant's practices are not "unlawful" or "unfair."

WHEREFORE, Defendant ASSIBI Z. ABUDU prays that:

1.     Plaintiff takes nothing by way of the Complaint;

2.     That judgment be in favor of Defendants;

3.     Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the court deems just and proper.

DATED:  June 2, 2021                     BALLARD ROSENBERG GOLPER & SAVITT, LLP


                                         By: _____
                                              DAVID FISHMAN
                                              JANET SOULTANIAN
                                         Attorneys for Defendants
                                         PACIFICA OF THE VALLEY CORPORATION,
                                         GREGG YOST, PRECIOUS MAYES and ASSIBU Z.
                                         ABUDU

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## **PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436, USA.

On June 2, 2021, I served true copies of the following document(s) described as **DEFENDANT ASSIBI Z. ABUDU'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Shaun Setareh
David Keledjian
Shane Farley
SETAREH LAW GROUP
9665 Wilshire Blvd, Ste 460
Beverly Hills, CA 90212
Tel: (310) 888-7771
Fax: (310) 888-0103
shaun@setarehlaw.com
david@setarehlaw.com
shane@setarehlaw.com

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronic mail transmission from kthomson@brgslaw.com on June 2, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2021, at Encino, California.

_Karen Thomson_
_____
Karen Thomson

**DEFENDANT ASSIBI Z. ABUDU'S ANSWER TO PLAINTIFF'S COMPLAINT**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 05:01 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk

Case 2:21-cv-04601-RGK-KS   Document 1   Filed 06/03/21   Page 57 of 84   Page ID #:57

DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
JANET S. SOULTANIAN, SBN 252602
jsoultanian@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:    (818) 508-3700
Facsimile:    (818) 506-4827

Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST, PRECIOUS
MAYES and ASSIBI Z. ABUDU

# SUPERIOR COURT OF THE STATE OF CALIFORNIA

## COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual<br><br>Plaintiff,<br><br>vs.<br><br>PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive,,<br><br>Defendants. | Case No. 21STCV15659<br><br>**DEFENDANT GREGG YOST'S ANSWER TO PLAINTIFF'S COMPLAINT**<br><br>Action Filed:    April 26, 2021<br>Trial Date:    None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1554605.1

1

Defendant GREGG YOST ("Defendant") hereby responds to the Complaint of Plaintiff AL FUASTINO DE GUZMAN ("Plaintiff") and admits, denies and otherwise pleads as follows:

## **GENERAL DENIAL**

Pursuant to the provisions of Code of Civil Procedure Section 431.30, Defendant denies generally and specifically each and every material allegation contained in the Complaint, and each and every purported cause of action set forth therein and the whole thereof.  Defendant further specifically denies that Plaintiff has been damaged in any sum therein alleged, or at all, and/or that Plaintiff is entitled to the relief sought in the Complaint, or to any other relief.

## **AFFIRMATIVE DEFENSES**

## **FIRST AFFIRMATIVE DEFENSE**
### **(Failure to State Facts)**

1.     The Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

## **SECOND AFFIRMATIVE DEFENSE**
### **(Good Faith Legitimate, Non-Discriminatory Reasons)**

2.     Any recovery on the Complaint is barred because every action taken by Defendant with respect to Plaintiff was privileged and undertaken in good faith for legitimate, non-discriminatory and non-retaliatory business reasons.

## **THIRD AFFIRMATIVE DEFENSE**
### **(Unclean hands)**

3.     Any recovery on the Complaint is barred by the doctrine of unclean hands.

## **FOURTH AFFIRMATIVE DEFENSE**
### **(Laches)**

4.     Any recovery on the Complaint is barred by the doctrine of laches.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### FIFTH AFFIRMATIVE DEFENSE

**(Estoppel)**

5.    Defendant believes that after an appropriate amount of discovery, any recovery on Plaintiff's claim is barred by Plaintiff's own conduct.

### SIXTH AFFIRMATIVE DEFENSE

**(Waiver)**

6.    Any recovery on the Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

**(Proximate Cause)**

7.    Any act or failure to act by Defendant was not the proximate cause of any injuries allegedly suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

**(No Intent to Injure)**

8.    Any recovery on the Complaint or portions thereof is barred by the fact that there was no intent to injure Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

**(No Malice, Oppression, or Fraud)**

9.    Any acts or omissions to act, were not the result of oppression, fraud or malice as such terms are defined by Cal. Civil Code § 3294.

### TENTH AFFIRMATIVE DEFENSE

**(No Severe Emotional Distress)**

10.    Defendant believes that after reasonable discovery, he will be able to show that Plaintiff suffered no severe emotional distress.

### ELEVENTH AFFIRMATIVE DEFENSE

**(Mitigation)**

11.    Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWELFTH AFFIRMATIVE DEFENSE

### (WCA Exclusive Remedy)

12.     To the extent Plaintiff's Complaint alleges emotional and/or physical injury, any recovery is barred on the ground that the California Workers' Compensation Act provides the exclusive remedy for such alleged injuries.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

13.     Defendant alleges that this action may be barred and/or Defendant's liability may be limited by after acquired evidence of Plaintiff's conduct or misconduct.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

14.     Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Procedures)

15.     Plaintiff's Complaint, and each cause of action set forth therein, are barred in whole or in pat in that Plaintiff failed to exhaust the internal procedures that were available to resolve the claims alleged therein.

## SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code § 1431)

16.     Liability for the amount of non-economic damages, if any, should be allocated to Defendant in direct proportion to their percentage of fault, if any, pursuant to Civil Code § 1431, et seq.

## SEVENTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

17.     Without admitting that Plaintiff has sustained any damages or detriment, or that Defendant is liable to Plaintiff in any manner whatsoever, Defendant is informed and believes and thereon alleges that Plaintiff unreasonably failed to take advantage of preventative and corrective

opportunities, thereby precluding and/or limiting Plaintiff's recovery, if any, and further, that Defendant exercised reasonable care to preclude and correct the behavior complained of by Plaintiff, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees)

18.     Defendant is entitled to recover all costs and attorney's fees incurred herein pursuant to Code of Civil Procedure Section 128.7, inasmuch as any and all of the claims alleged in the Complaint are frivolous, unreasonable or without foundation, or as the prevailing party under the Labor Code.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Justification)

19.     Defendant alleges that without admitting that Defendant engaged in the conduct alleged in this lawsuit, Defendant's conduct was at all times justified, privileged, and undertaken in good faith without any intent to injure Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Infliction of Emotional Distress)

20.     Defendant alleges that the purported misconduct of Defendant has not caused Plaintiff to suffer compensable negligent or intentional infliction of emotional distress and that Plaintiff has not suffered any emotional distress as a result of any conduct by Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Statutory Damages)

21.     Defendant alleges that Plaintiff is not entitled to recovery statutory damages because Defendant did not engage in any conduct that would give rise to statutory damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Apportionment)

22.     The liability of Defendant and responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability of Defendant, if any, should be reduced accordingly.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### TWENTY-THIRD AFFIRMATIVE DEFENSE

#### (Failure to Exhaust)

23.     Defendant alleges that the Complaint, and each cause of action contained therein, may be barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

#### (Improper Party)

24.     The Complaint is barred against Defendant on the basis that Defendant was not Plaintiff's employer, or any owner, officer, director or managing agent of Plaintiff's employer.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

#### (Ongoing Investigation)

25.     Defendant alleges that he has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserve the right to amend, modify, revise, or supplement its answer and to plead such other defenses and take such other further actions as they may deem proper and necessary in its defense upon completion of said investigation and/or study.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

#### (Punitive Damages – Due Process)

26.     Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's constitutional rights, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16, of the California Constitution.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

#### (Same Decision)

27.     Even if there was retaliation against Plaintiff (which Defendant denies), Plaintiff is not entitled to recover damages because Defendant would have made the same decision absent the alleged retaliation.

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

28.     Defendant exercised reasonable care to prevent, adequately investigate, and promptly correct any alleged wrongful, discriminatory, or retaliatory behavior.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

29.     Any recovery on the Complaint is barred by the applicable statutes of limitations including, without limitation, the one-year statute of limitations of Code of Civil Procedure § 340(a), the two-year statute of limitations of Code of Civil Procedure §§ 335.1 and 339, the three-year statute of limitations of Code of Civil Procedure § 338, and the four-year statute of limitations of Business and Professions Code § 17208.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Exhaustion of Grievance and Arbitration Procedures)

30.     The Complaint is barred by the failure of Plaintiff to exhaust any prerequisite contractual or administrative remedies, including, but not limited to, the grievance and arbitration procedures contained in any applicable collective bargaining agreement or individual arbitration agreements.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (NLRA Preemption)

31.     The Complaint is preempted by Sections 7 and 8 of the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 157, 158).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (LMRA Preemption)

32.     The Complaint is preempted by Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185)

/ / /

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Union at Fault)

33.     The Complaint is barred because any alleged damages are a result of the conduct of the union representing those employees, and, as such, the union is solely responsible for any resulting damage.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

34.     Plaintiff's fifth cause of action contained in the Complaint brought pursuant to California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiff cannot satisfy the requirements of California Code of Civil Procedure Section 382 and Defendant's practices are not "unlawful" or "unfair."

WHEREFORE, Defendant GREGG YOST prays that:

1.     Plaintiff takes nothing by way of the Complaint;

2.     That judgment be in favor of Defendants;

3.     Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the court deems just and proper.

DATED:  June 2, 2021                    BALLARD ROSENBERG GOLPER & SAVITT, LLP


By: _____
          DAVID FISHMAN
          JANET SOULTANIAN
     Attorneys for Defendants
     PACIFICA OF THE VALLEY CORPORATION,
     GREGG YOST, PRECIOUS MAYES and ASSIBU Z.
     ABUDU

1554605.1

8

**DEFENDANT GREGG YOST'S ANSWER TO PLAINTIFF'S COMPLAINT**

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436, USA.

On June 2, 2021, I served true copies of the following document(s) described as **DEFENDANT GREGG YOST'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Shaun Setareh
David Keledjian
Shane Farley
SETAREH LAW GROUP
9665 Wilshire Blvd, Ste 460
Beverly Hills, CA 90212
Tel: (310) 888-7771
Fax: (310) 888-0103
shaun@setarehlaw.com
david@setarehlaw.com
shane@setarehlaw.com

☒  **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronic mail transmission from kthomson@brgslaw.com on June 2, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☒  **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List.  I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2021, at Encino, California.

_____
Karen Thomson

9

**DEFENDANT GREGG YOST'S ANSWER TO PLAINTIFF'S COMPLAINT**

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 05:03 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Mariano,Deputy Clerk

Case 2:21-cv-04601-RGK-KS   Document 1   Filed 06/03/21   Page 66 of 84   Page ID #:66

DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
JANET S. SOULTANIAN, SBN 252602
jsoultanian@brgslaw.com
BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
Encino, California 91436
Telephone:    (818) 508-3700
Facsimile:    (818) 506-4827

Attorneys for Defendants
PACIFICA OF THE VALLEY
CORPORATION, GREGG YOST, PRECIOUS
MAYES and ASSIBI Z. ABUDU

**SUPERIOR COURT OF THE STATE OF CALIFORNIA**

**COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION**

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual<br><br>        Plaintiff,<br><br>    vs.<br><br>PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive,,<br><br>        Defendants. | Case No. 21STCV15659<br><br>**DEFENDANT PRECIOUS MAYES' ANSWER TO PLAINTIFF'S COMPLAINT**<br><br><br>Action Filed:     April 26, 2021<br>Trial Date:      None Set |

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Defendant PRECIOUS MAYES ("Defendant") hereby responds to the Complaint of Plaintiff AL FUASTINO DE GUZMAN ("Plaintiff") and admits, denies and otherwise pleads as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure Section 431.30, Defendant denies generally and specifically each and every material allegation contained in the Complaint, and each and every purported cause of action set forth therein and the whole thereof. Defendant further specifically denies that Plaintiff has been damaged in any sum therein alleged, or at all, and/or that Plaintiff is entitled to the relief sought in the Complaint, or to any other relief.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts)

1. The Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Good Faith Legitimate, Non-Discriminatory Reasons)

2. Any recovery on the Complaint is barred because every action taken by Defendant with respect to Plaintiff was privileged and undertaken in good faith for legitimate, non-discriminatory and non-retaliatory business reasons.

## THIRD AFFIRMATIVE DEFENSE

### (Unclean hands)

3. Any recovery on the Complaint is barred by the doctrine of unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4. Any recovery on the Complaint is barred by the doctrine of laches.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.       Defendant believes that after an appropriate amount of discovery, any recovery on Plaintiff's claim is barred by Plaintiff's own conduct.

### SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.       Any recovery on the Complaint is barred by the doctrine of waiver.

### SEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

7.       Any act or failure to act by Defendant was not the proximate cause of any injuries allegedly suffered by Plaintiff.

### EIGHTH AFFIRMATIVE DEFENSE

### (No Intent to Injure)

8.       Any recovery on the Complaint or portions thereof is barred by the fact that there was no intent to injure Plaintiff.

### NINTH AFFIRMATIVE DEFENSE

### (No Malice, Oppression, or Fraud)

9.       Any acts or omissions to act, were not the result of oppression, fraud or malice as such terms are defined by Cal. Civil Code § 3294.

### TENTH AFFIRMATIVE DEFENSE

### (No Severe Emotional Distress)

10.       Defendant believes that after reasonable discovery, he will be able to show that Plaintiff suffered no severe emotional distress.

### ELEVENTH AFFIRMATIVE DEFENSE

### (Mitigation)

11.       Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

### TWELFTH AFFIRMATIVE DEFENSE

### (WCA Exclusive Remedy)

12.    To the extent Plaintiff's Complaint alleges emotional and/or physical injury, any recovery is barred on the ground that the California Workers' Compensation Act provides the exclusive remedy for such alleged injuries.

### THIRTEENTH AFFIRMATIVE DEFENSE

### (After Acquired Evidence)

13.    Defendant alleges that this action may be barred and/or Defendant's liability may be limited by after acquired evidence of Plaintiff's conduct or misconduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

### (Contributory Fault)

14.    Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Failure to Exhaust Internal Procedures)

15.    Plaintiff's Complaint, and each cause of action set forth therein, are barred in whole or in pat in that Plaintiff failed to exhaust the internal procedures that were available to resolve the claims alleged therein.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Civil Code § 1431)

16.    Liability for the amount of non-economic damages, if any, should be allocated to Defendant in direct proportion to their percentage of fault, if any, pursuant to Civil Code § 1431, et seq.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Avoidable Consequences Doctrine)

17.    Without admitting that Plaintiff has sustained any damages or detriment, or that Defendant is liable to Plaintiff in any manner whatsoever, Defendant is informed and believes and thereon alleges that Plaintiff unreasonably failed to take advantage of preventative and corrective

opportunities, thereby precluding and/or limiting Plaintiff's recovery, if any, and further, that Defendant exercised reasonable care to preclude and correct the behavior complained of by Plaintiff, if any.

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (Attorney's Fees)

18.     Defendant is entitled to recover all costs and attorney's fees incurred herein pursuant to Code of Civil Procedure Section 128.7, inasmuch as any and all of the claims alleged in the Complaint are frivolous, unreasonable or without foundation, or as the prevailing party under the Labor Code.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Justification)

19.     Defendant alleges that without admitting that Defendant engaged in the conduct alleged in this lawsuit, Defendant's conduct was at all times justified, privileged, and undertaken in good faith without any intent to injure Plaintiff.

### TWENTIETH AFFIRMATIVE DEFENSE

### (No Infliction of Emotional Distress)

20.     Defendant alleges that the purported misconduct of Defendant has not caused Plaintiff to suffer compensable negligent or intentional infliction of emotional distress and that Plaintiff has not suffered any emotional distress as a result of any conduct by Defendant.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (No Statutory Damages)

21.     Defendant alleges that Plaintiff is not entitled to recovery statutory damages because Defendant did not engage in any conduct that would give rise to statutory damages.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

### (Apportionment)

22.     The liability of Defendant and responsible parties named or unnamed, if any, for any injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective degree of fault, and the liability of Defendant, if any, should be reduced accordingly.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

23.     Defendant alleges that the Complaint, and each cause of action contained therein, may be barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Improper Party)

24.     The Complaint is barred against Defendant on the basis that Defendant was not Plaintiff's employer, or any owner, officer, director or managing agent of Plaintiff's employer.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Ongoing Investigation)

25.     Defendant alleges that he has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserve the right to amend, modify, revise, or supplement its answer and to plead such other defenses and take such other further actions as they may deem proper and necessary in its defense upon completion of said investigation and/or study.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Due Process)

26.     Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's constitutional rights, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16, of the California Constitution.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Same Decision)

27.     Even if there was retaliation against Plaintiff (which Defendant denies), Plaintiff is not entitled to recover damages because Defendant would have made the same decision absent the alleged retaliation.

/ / /

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

28.　　Defendant exercised reasonable care to prevent, adequately investigate, and promptly correct any alleged wrongful, discriminatory, or retaliatory behavior.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

29.　　Any recovery on the Complaint is barred by the applicable statutes of limitations including, without limitation, the one-year statute of limitations of Code of Civil Procedure § 340(a), the two-year statute of limitations of Code of Civil Procedure §§ 335.1 and 339, the three-year statute of limitations of Code of Civil Procedure § 338, and the four-year statute of limitations of Business and Professions Code § 17208.

## THIRTIETH AFFIRMATIVE DEFENSE

### (Exhaustion of Grievance and Arbitration Procedures)

30.　　The Complaint is barred by the failure of Plaintiff to exhaust any prerequisite contractual or administrative remedies, including, but not limited to, the grievance and arbitration procedures contained in any applicable collective bargaining agreement or individual arbitration agreements.

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (NLRA Preemption)

31.　　The Complaint is preempted by Sections 7 and 8 of the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 157, 158).

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (LMRA Preemption)

32.　　The Complaint is preempted by Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185)

/ / /

/ / /

/ / /

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (Union at Fault)

33.     The Complaint is barred because any alleged damages are a result of the conduct of the union representing those employees, and, as such, the union is solely responsible for any resulting damage.

## THIRTY-FOURTH AFFIRMATIVE DEFENSE

### (No Unfair Competition)

34.     Plaintiff's fifth cause of action contained in the Complaint brought pursuant to California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiff cannot satisfy the requirements of California Code of Civil Procedure Section 382 and Defendant's practices are not "unlawful" or "unfair."

WHEREFORE, Defendant PRECIOUS MAYES prays that:

1.     Plaintiff takes nothing by way of the Complaint;

2.     That judgment be in favor of Defendants;

3.     Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the court deems just and proper.

DATED:  June 2, 2021                    BALLARD ROSENBERG GOLPER & SAVITT, LLP


By: _____
         DAVID FISHMAN
         JANET SOULTANIAN
Attorneys for Defendants
PACIFICA OF THE VALLEY CORPORATION,
GREGG YOST, PRECIOUS MAYES and ASSIBU Z. ABUDU

1554622.1

8

**DEFENDANT PRECIOUS MAYES' ANSWER TO PLAINTIFF'S COMPLAINT**

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436, USA.

On June 2, 2021, I served true copies of the following document(s) described as **DEFENDANT PRECIOUS MAYES' ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Shaun Setareh
David Keledjian
Shane Farley
SETAREH LAW GROUP
9665 Wilshire Blvd, Ste 460
Beverly Hills, CA 90212
Tel: (310) 888-7771
Fax: (310) 888-0103
shaun@setarehlaw.com
david@setarehlaw.com
shane@setarehlaw.com

☒   **BY E-MAIL OR ELECTRONIC TRANSMISSION:**  By electronic mail transmission from kthomson@brgslaw.com on June 2, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es).  The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☒   **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List.  I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2021, at Encino, California.

_Karen Thomson_
_____
Karen Thomson

1554622.1

DEFENDANT PRECIOUS MAYES' ANSWER TO PLAINTIFF'S COMPLAINT

Electronically FILED by Superior Court of California, County of Los Angeles on 06/02/2021 04:58 PM Sherri R. Carter, Executive Officer/Clerk of Court, by V. Delgadillo,Deputy Clerk

1 | DAVID FISHMAN, SBN 217608
dfishman@brgslaw.com
2 | JANET S. SOULTANIAN, SBN 252602
jsoultanian@brgslaw.com
3 | BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 Ventura Boulevard, Eighteenth Floor
4 | Encino, California 91436
Telephone:    (818) 508-3700
5 | Facsimile:    (818) 506-4827

6 | Attorneys for Defendants
PACIFICA OF THE VALLEY
7 | CORPORATION, GREGG YOST, PRECIOUS
MAYES and ASSIBI Z. ABUDU

8 |

9 | **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10 | **COUNTY OF LOS ANGELES, UNLIMITED JURISDICTION**

11 |

12 | AL FUASTINO DE GUZMAN, an individual

13 |              Plaintiff,

14 |     vs.

15 | PACIFICA OF THE VALLEY
CORPORATION, a Delaware corporation;
16 | GREGG YOST, an individual; PRECIOUS
MAYES, an individual; ASSIBI Z. ABUDU,
17 | an individual; and DOES 1 through 50,
inclusive,,
18 |
              Defendants.
19 |

Case No. 21STCV15659

**DEFENDANT PACIFICA OF THE VALLEY CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

Action Filed:        April 26, 2021
Trial Date:          None Set

20 |

21 | / / /

22 | / / /

23 | / / /

24 | / / /

25 | / / /

26 | / / /

27 | / / /

28 | / / /

*(Left margin, vertical text)* BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1549030.1

1

Defendant PACIFICA OF THE VALLEY CORPORATION ("Defendant") hereby responds to the Complaint of Plaintiff AL FUASTINO DE GUZMAN ("Plaintiff") and admits, denies and otherwise pleads as follows:

## GENERAL DENIAL

Pursuant to the provisions of Code of Civil Procedure Section 431.30, Defendant denies generally and specifically each and every material allegation contained in the Complaint, and each and every purported cause of action set forth therein and the whole thereof.  Defendant further specifically denies that Plaintiff has been damaged in any sum therein alleged, or at all, and/or that Plaintiff is entitled to the relief sought in the Complaint, or to any other relief.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

### (Failure to State Facts)

1.      The Complaint fails to state facts sufficient to constitute a cause of action or claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

### (Good Faith Legitimate, Non-Discriminatory Reasons)

2.      Any recovery on the Complaint is barred because every action taken by Defendant with respect to Plaintiff was privileged and undertaken in good faith for legitimate, non-discriminatory and non-retaliatory business reasons.

### THIRD AFFIRMATIVE DEFENSE

### (Unclean hands)

3.      Any recovery on the Complaint is barred by the doctrine of unclean hands.

### FOURTH AFFIRMATIVE DEFENSE

### (Laches)

4.      Any recovery on the Complaint is barred by the doctrine of laches.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## FIFTH AFFIRMATIVE DEFENSE

### (Estoppel)

5.      Defendant believes that after an appropriate amount of discovery, any recovery on Plaintiff's claim is barred by Plaintiff's own conduct.

## SIXTH AFFIRMATIVE DEFENSE

### (Waiver)

6.      Any recovery on the Complaint is barred by the doctrine of waiver.

## SEVENTH AFFIRMATIVE DEFENSE

### (Proximate Cause)

7.      Any act or failure to act by Defendant was not the proximate cause of any injuries allegedly suffered by Plaintiff.

## EIGHTH AFFIRMATIVE DEFENSE

### (No Intent to Injure)

8.      Any recovery on the Complaint or portions thereof is barred by the fact that there was no intent to injure Plaintiff.

## NINTH AFFIRMATIVE DEFENSE

### (No Malice, Oppression, or Fraud)

9.      Any acts or omissions to act, were not the result of oppression, fraud or malice as such terms are defined by Cal. Civil Code § 3294.

## TENTH AFFIRMATIVE DEFENSE

### (No Severe Emotional Distress)

10.      Defendant believes that after reasonable discovery, it will be able to show that Plaintiff suffered no severe emotional distress.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Mitigation)

11.      Any recovery on the Complaint is barred by Plaintiff's failure to mitigate damages.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

**TWELFTH AFFIRMATIVE DEFENSE**

**(WCA Exclusive Remedy)**

12. To the extent Plaintiff's Complaint alleges emotional and/or physical injury, any recovery is barred on the ground that the California Workers' Compensation Act provides the exclusive remedy for such alleged injuries.

**THIRTEENTH AFFIRMATIVE DEFENSE**

**(After Acquired Evidence)**

13. Defendant alleges that this action may be barred and/or Defendant's liability may be limited by after acquired evidence of Plaintiff's conduct or misconduct.

**FOURTEENTH AFFIRMATIVE DEFENSE**

**(Contributory Fault)**

14. Any recovery on Plaintiff's Complaint is barred by Plaintiff's own contributory and/or comparative fault.

**FIFTEENTH AFFIRMATIVE DEFENSE**

**(Failure to Exhaust Internal Procedures)**

15. Plaintiff's Complaint, and each cause of action set forth therein, are barred in whole or in pat in that Plaintiff failed to exhaust the internal procedures that were available to resolve the claims alleged therein.

**SIXTEENTH AFFIRMATIVE DEFENSE**

**(Civil Code § 1431)**

16. Liability for the amount of non-economic damages, if any, should be allocated to Defendant in direct proportion to their percentage of fault, if any, pursuant to Civil Code § 1431, et seq.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

**(Avoidable Consequences Doctrine)**

17. Without admitting that Plaintiff has sustained any damages or detriment, or that Defendant is liable to Plaintiff in any manner whatsoever, Defendant is informed and believes and thereon alleges that Plaintiff unreasonably failed to take advantage of preventative and corrective

1549030.1

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1  opportunities, thereby precluding and/or limiting Plaintiff's recovery, if any, and further, that

2  Defendant exercised reasonable care to preclude and correct the behavior complained of by Plaintiff,

3  if any.

4  ### EIGHTEENTH AFFIRMATIVE DEFENSE

5  ### (Attorney's Fees)

6  18.　　Defendant is entitled to recover all costs and attorney's fees incurred herein pursuant

7  to Code of Civil Procedure Section 128.7, inasmuch as any and all of the claims alleged in the

8  Complaint are frivolous, unreasonable or without foundation, or as the prevailing party under the

9  Labor Code.

10  ### NINETEENTH AFFIRMATIVE DEFENSE

11  ### (Justification)

12  19.　　Defendant alleges that without admitting that Defendant engaged in the conduct

13  alleged in this lawsuit, Defendant's conduct was at all times justified, privileged, and undertaken in

14  good faith without any intent to injure Plaintiff.

15  ### TWENTIETH AFFIRMATIVE DEFENSE

16  ### (No Infliction of Emotional Distress)

17  20.　　Defendant alleges that the purported misconduct of Defendant has not caused

18  Plaintiff to suffer compensable negligent or intentional infliction of emotional distress and that

19  Plaintiff has not suffered any emotional distress as a result of any conduct by Defendant.

20  ### TWENTY-FIRST AFFIRMATIVE DEFENSE

21  ### (No Statutory Damages)

22  21.　　Defendant alleges that Plaintiff is not entitled to recovery statutory damages because

23  Defendant did not engage in any conduct that would give rise to statutory damages.

24  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

25  ### (Apportionment)

26  22.　　The liability of Defendant and responsible parties named or unnamed, if any, for any

27  injury, damage, or loss sustained by Plaintiff should be apportioned according to their respective

28  degree of fault, and the liability of Defendant, if any, should be reduced accordingly.

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWENTY-THIRD AFFIRMATIVE DEFENSE

### (Failure to Exhaust)

23.     Defendant alleges that the Complaint, and each cause of action contained therein, may be barred, in whole or in part, to the extent Plaintiff failed to exhaust his administrative remedies.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

### (Ongoing Investigation)

24.     Defendant alleges that it has not yet completed a thorough investigation or study or completed the discovery of all the facts and circumstances of the subject matter of the Complaint and, accordingly, reserve the right to amend, modify, revise, or supplement its answer and to plead such other defenses and take such other further actions as they may deem proper and necessary in its defense upon completion of said investigation and/or study.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

### (Punitive Damages – Due Process)

25.     Plaintiff's Complaint, to the extent it seeks exemplary or punitive damages, violates Defendant's constitutional rights, pursuant to Article I, Section 10, Article IV, Section 2, and the First, Fifth, Sixth, and Fourteenth Amendments to the Constitution of the United States, and Article I, Sections 7, 9, 15 and 17, and Article IV, Section 16, of the California Constitution.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

### (Same Decision)

26.     Even if there was retaliation against Plaintiff (which Defendant denies), Plaintiff is not entitled to recover damages because Defendant Pacifica would have made the same decision absent the alleged retaliation.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

### (Reasonable Care)

27.     Defendant exercised reasonable care to prevent, adequately investigate, and promptly correct any alleged wrongful, discriminatory, or retaliatory behavior.

1

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

### (Statute of Limitations)

28.     Any recovery on the Complaint is barred by the applicable statutes of limitations including, without limitation, the one-year statute of limitations of Code of Civil Procedure § 340(a), the two-year statute of limitations of Code of Civil Procedure §§ 335.1 and 339, the three-year statute of limitations of Code of Civil Procedure § 338, and the four-year statute of limitations of Business and Professions Code § 17208.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

### (Exhaustion of Grievance and Arbitration Procedures)

29.     The Complaint is barred by the failure of Plaintiff to exhaust any prerequisite contractual or administrative remedies, including, but not limited to, the grievance and arbitration procedures contained in any applicable collective bargaining agreement or individual arbitration agreements.

## THIRTIETH AFFIRMATIVE DEFENSE

### (NLRA Preemption)

30.     The Complaint is preempted by Sections 7 and 8 of the National Labor Relations Act ("NLRA") (29 U.S.C. §§ 157, 158).

## THIRTY-FIRST AFFIRMATIVE DEFENSE

### (LMRA Preemption)

31.     The Complaint is preempted by Section 301 of the Labor Management Relations Act ("LMRA") (29 U.S.C. § 185)

## THIRTY-SECOND AFFIRMATIVE DEFENSE

### (Union at Fault)

32.     The Complaint is barred because any alleged damages are a result of the conduct of the union representing those employees, and, as such, the union is solely responsible for any resulting damage.

/ / /

/ / /

1549030.1

7

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

## THIRTY-THIRD AFFIRMATIVE DEFENSE

### (No Unfair Competition)

33.     Plaintiff's fifth cause of action contained in the Complaint brought pursuant to California Business and Professions Code section 17200, *et seq.*, is barred because Plaintiff cannot satisfy the requirements of California Code of Civil Procedure Section 382 and Defendant's practices are not "unlawful" or "unfair."

WHEREFORE, Defendant PACIFICA OF THE VALLEY CORPORATION prays that:

1.     Plaintiff takes nothing by way of the Complaint;

2.     That judgment be in favor of Defendants;

3.     Defendants be awarded attorneys' fees and costs of suit incurred herein; and

4.     For such other and further relief as the court deems just and proper.

DATED:  June 2, 2021                    BALLARD ROSENBERG GOLPER & SAVITT, LLP

By:     _____
        DAVID FISHMAN
        JANET SOULTANIAN
        Attorneys for Defendants
        PACIFICA OF THE VALLEY CORPORATION,
        GREGG YOST, PRECIOUS MAYES and ASSIBU Z.
        ABUDU

**PROOF OF SERVICE**

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California. I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436, USA.

On June 2, 2021, I served true copies of the following document(s) described as **DEFENDANT PACIFICA OF THE VALLEY CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT** on the interested parties in this action as follows:

Shaun Setareh
David Keledjian
Shane Farley
SETAREH LAW GROUP
9665 Wilshire Blvd, Ste 460
Beverly Hills, CA 90212
Tel: (310) 888-7771
Fax: (310) 888-0103
shaun@setarehlaw.com
david@setarehlaw.com
shane@setarehlaw.com

☒ **BY E-MAIL OR ELECTRONIC TRANSMISSION:** By electronic mail transmission from kthomson@brgslaw.com on June 2, 2021, by transmitting a PDF format copy of such document(s) to each such person at the e-mail address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☒ **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List. I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service. Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business. Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 2, 2021, at Encino, California.

_Karen Thomson_

_____
Karen Thomson

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436

1549030.1

9

**DEFENDANT PACIFICA OF THE VALLEY CORPORATION'S ANSWER TO PLAINTIFF'S COMPLAINT**

## PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF LOS ANGELES**

I am employed in the County of Los Angeles, State of California.  I am over the age of eighteen years and not a party to the within action; my business address is 15760 Ventura Boulevard, Eighteenth Floor, Encino, CA 91436, USA.

On June 3, 2021, I served true copies of the following document(s) described as **NOTICE OF REMOVAL OF CIVIL ACTION** on the interested parties in this action as follows:

Shaun Setareh
David Keledjian
Kelsey Revich
SETAREH LAW GROUP
9665 Wilshire Blvd, Ste 460
Beverly Hills, CA 90212
Tel: (310) 888-7771
Fax: (310) 888-0103
shaun@setarehlaw.com
david@setarehlaw.com
kelsey@setarehlaw.com

☒     **BY ELECTRONIC MAIL TRANSMISSION**: By electronic mail transmission by transmitting a PDF format copy of such document(s) to each such person at the email address listed below their address(es). The document(s) was/were transmitted by electronic transmission and such transmission was reported as complete and without error.

☒     **BY MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons at the addresses listed in the Service List.  I am "readily familiar" with Ballard Rosenberg Golper & Savitt, LLP's practice for collecting and processing correspondence for mailing with the United States Postal Service.  Under that practice, it would be deposited with the United States Postal Service that same day in the ordinary course of business.  Such envelope(s) were placed for collection and mailing with postage thereon fully prepaid at Encino, California, on that same day following ordinary business practices.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 3, 2021, at Encino, California.

_____
Lisa Aguilar

BALLARD ROSENBERG GOLPER & SAVITT, LLP
15760 VENTURA BOULEVARD, EIGHTEENTH FLOOR
ENCINO, CALIFORNIA 91436