Electronically FILED by Superior Court of California, County of Los Angeles on 04/26/2021 03:21 PM Sherri R. Carter, Executive Officer/Clerk of Court, by R. Clifton,Deputy Clerk
Case 2:21-cv-04601-RGK-KS   Document 1-1   Filed 06/03/21   Page 1 of 10   Page ID #:85
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Armen Tamzarian

1  Shaun Setareh (SBN 204514)
   shaun@setarehlaw.com
2  David Keledjian (SBN 309135)
   david@setarehlaw.com
3  SETAREH LAW GROUP
   9665 Wilshire Blvd., Suite 460
4  Beverly Hills, California 90212
   Telephone (310) 888-7771
5  Facsimile (310) 888-0109

6  Attorneys for Plaintiff AL FUASTINO DE GUZMAN

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

UNLIMITED JURISDICTION

| | |
|---|---|
| AL FUASTINO DE GUZMAN, an individual,<br><br>*Plaintiff*,<br><br>vs.<br><br>PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive,<br><br>*Defendants*. | Case No. 21STCV15659<br><br>**COMPLAINT FOR:**<br><br>1. Violation of Labor Code § 1102.5;<br>2. Wrongful Discharge in Violation of Public Policy;<br>3. Intentional Infliction of Emotional Distress;<br>4. Negligent Infliction of Emotional Distress; and<br>5. Violation of Business & Professions Code § 17200, *et seq.*<br><br>**JURY TRIAL DEMANDED** |

COMPLAINT

Plaintiff AL FUASTINO DE GUZMAN ("Plaintiff"), complains and allege as follows:

## INTRODUCTION

1. Plaintiff brings this action against Defendants PACIFICA OF THE VALLEY CORPORATION, a Delaware corporation; GREGG YOST, an individual; PRECIOUS MAYES, an individual; ASSIBI Z. ABUDU, an individual; and DOES 1 through 50, inclusive, (collectively referred to as "Defendants") for alleged violations of the California Labor Code, California Business and Professions Code, and common law.

## JURISDICTON AND VENUE

2. This Court has subject matter jurisdiction to hear this case because the monetary damages and restitution sought by Plaintiff from Defendants conduct exceeds the minimal jurisdiction of the Superior Court of the State of California.

3. Venue is proper in the County of Los Angeles pursuant to Code of Civil Procedure sections 395(a) and 395.5 in that liability arose this county because at least some of the transactions that are the subject matter of this Complaint occurred therein and/or each defendant is found, maintains offices, transacts business and/or has an agent therein or that Defendant is either a resident.

4. Venue is proper in Los Angeles County because Defendants' have at all times alleged herein, conducted business in Los Angeles County, and throughout California. As such, venue is proper in any county in California.

## PARTIES

5. Plaintiff AL FUASTINO DE GUZMAN is, and at all relevant times mentioned herein, an individual residing in the State of California.

6. Plaintiff is informed and believes, and thereupon alleges that Defendant PACIFICA OF THE VALLEY CORPORATION ("Pacifica"), is, and at all relevant times mentioned herein, a Delaware corporation doing business in the State of California.

7. Plaintiff is informed and believes, and thereupon alleges that Defendant GREGG YOST, is, and at all relevant times mentioned herein, an individual over the age of eighteen, and residing in the State of California.

8. Plaintiff is informed and believes, and thereupon alleges that Defendant PRECIOUS

1  MAYES, is, and at all relevant times mentioned herein, an individual over the age of eighteen, and
2  residing in the State of California.

3     9.   Plaintiff is informed and believes, and thereupon alleges that Defendant ASSIBI Z.
4  ABUDU, is, and at all relevant times mentioned herein, an individual over the age of eighteen, and
5  residing in the State of California.

6     10.  Plaintiff is ignorant of the true names and capacities of the defendants sued herein as
7  DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. Plaintiff
8  will amend this Complaint to allege the true names and capacities of the DOE defendants when
9  ascertained. Plaintiff is informed and believes, and thereupon alleges that each of the fictitiously
10 named defendants are responsible in some manner for the occurrences, acts and omissions alleged
11 herein and that Plaintiff's alleged damages were proximately caused by these defendants, and each of
12 them. Plaintiff will amend this complaint to allege both the true names and capacities of the DOE
13 defendants when ascertained.

14    11.  Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
15 mentioned herein, some or all of the defendants were the representatives, agents, employees, partners,
16 directors, associates, joint venturers, joint employers, principals or co-participants of some or all of
17 the other defendants, and in doing the things alleged herein, were acting within the course and scope
18 of such relationship and with the full knowledge, consent and ratification by such other defendants.

19    12.  Plaintiff is informed and believes, and thereupon alleges that, at all relevant times
20 mentioned herein, some of the defendants pursued a common course of conduct, acted in concert and
21 conspired with one another, and aided and abetted one another to accomplish the occurrences, acts
22 and omissions alleged herein.

### GENERAL ALLEGATIONS

24    13.  Plaintiff was hired by Pacifica on or about March 2002 as a respiratory therapist.
25    14.  Plaintiff was a hardworking employee who, for almost two decades, performed his
26 duties in a competent and efficient manner within Pacifica's rules and policies.
27    15.  On or around August 30, 2020, Plaintiff noticed that one of Pacifica's patients had
28 become unresponsive, and immediately contacted the charge nurse, Sophia. He then asked both the

charge nurse, Sophia, as well as another nurse on staff by the name of Blake, to immediately verify whether the patient had an advance directive of do-not-resuscitate (hereinafter "DNR") to determine whether cardiopulmonary resuscitation (or "CPR") could be performed. He also asked them to provide an assessment. Plaintiff's requests were ignored. Desperate to save the patient's life, Plaintiff tried to locate the patient's "ambu bag" (a resuscitation bag which connects to the oxygen source) to ensure 100% oxygen would be administered to the patient. Despite a search, the ambu bag was nowhere to be found.

16. Plaintiff again asked the charge nurse and the Nurse Supervisor, Maricela, whether the patient had a DNR and whether the resuscitation team (or the "code blue team") should be called to resuscitate the patient. Again, Plaintiff's requests were ignored. As a final attempt, Plaintiff called the Emergency Room Doctor at the Surge 4 Unit, Defendant Abudu. Plaintiff asked Dr. Abudu if he is allowed to revive the patient, as there may be a DNR. Dr. Abudu responded, "What for? There's no point in reviving. Let him go with dignity."

17. The patient died.

18. On or about October 7, 2020 Plaintiff sent Pacifica; Defendant Gregg Yost of Pacifica's Human Resources Department; and Defendant Precious Mayes (Pacifica's CEO) a detailed letter, complaining that Pacifica, and its employees, had failed to follow the proper procedures regarding advance directives and DNR pertaining to the patient, all in violation of: 42 U.S.C. §1395cc; 42 C.F.R. § 482.13; 42 C.F.R. § 489.102; 42 C.F.R. § 417.436; Cal. Probate Code §§ 4701, 4731, 4733, 4736, 4740-43, Cal. Bus. & Prof. Code §§ 3700, *et seq.*, as well as the general standards and requisite duties of care owed by healthcare providers to patients.

19. Having never heard back, on or about November 20, 2020, Plaintiff sent another email to Pacifica and Yost, again explaining the facts of the August 30, 2020 incident, and that Pacifica, including the nurses, employees, and Dr. Abudu, all "violated the law."

20. Just three days after receiving Plaintiff's last complaint, Pacifica terminated Plaintiff's employment on or about November 23, 2020.

///

///

# FIRST CAUSE OF ACTION

## VIOLATION OF LABOR CODE § 1102.5

(Against Defendant PACIFICA OF THE VALLEY CORPORATION)

21. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

22. Plaintiff attempted to disclose and remedy Pacifica's violations of both state and federal law by objecting to and complaining about them. Plaintiff disclosed the violations to Pacifica's management, to persons with authority over him, and to another employee who had authority to investigate, discover, or correct the violation or noncompliance, specifically, the charge nurse, the Nursing Supervisor, Defendant Yost of Pacifica's Human Resources Department, and Defendant Precious, the CEO.

23. Pacifica violated Labor Code § 1102.5 by, inter alia:

   a. Making, adopting or enforcing a rule, regulation or policy preventing Plaintiff from disclosing information to a government or law enforcement agency, or to a person with authority over the employee, or to another employee who has authority to investigate, discover, or correct the violation or noncompliance, where Plaintiff had reasonable cause to believe that the information disclosed a violation of state or federal statute, or a violation or noncompliance with a state or federal regulation;

   b. Retaliating against Plaintiff for disclosing information to a government or law enforcement agency, to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance, where Plaintiff had reasonable cause to believe that the information discloses a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation;

   c. Retaliating against Plaintiff for refusing to participate in an activity that would result in a violation of state or federal statute, or a violation or noncompliance with a state or federal rule or regulation; and,

   d. Retaliating against Plaintiff for having exercised his rights under the foregoing

paragraphs 29 a, b and c.

24. Pacifica resisted and opposed Plaintiff's attempts to disclose and remedy its violations of both California and Federal law, including, but not limited to: 42 U.S.C. §1395cc; 42 C.F.R. § 482.13; 42 C.F.R. § 489.102; 42 C.F.R. § 417.436; Cal. Probate Code §§ 4701, 4731, 4733, 4736, 4740-43, Cal. Bus. & Prof. Code §§ 3700, *et seq.*, as well as the general standards and requisite duties of care owed by healthcare providers to patients. Indeed Pacifica retaliated against Plaintiff for disclosing Pacifica's violations and unlawful practices and for refusing to participate in them by terminating him.

25. As a direct and proximate cause of Pacifica's violation of Labor Code § 1102.5, Plaintiff has suffered damages, including, but not limited to, lost wages and work benefits, in a sum to be determined at trial.

26. As a proximate result of the wrongful acts of Pacifica, Plaintiff has suffered and continues to suffer actual, consequential, and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

27. The aforementioned acts of Pacifica were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Pacifica, or with the express knowledge, consent, and ratification of managerial employees of Pacifica, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## SECOND CAUSE OF ACTION
## WRONGFUL DISCHARGE IN VIOLATION OF PUBLIC POLICY
(Against Defendant PACIFICA OF THE VALLEY CORPORATION)

28. Plaintiff realleges and incorporates all preceding paragraphs as though fully set forth herein.

29. Plaintiff's multiple complaints regarding Pacifica's violation of California and Federal law, all discussed above, were jointly and severally substantial factors in Pacifica's decision to terminate Plaintiff's employment.

30. Plaintiff's discharge was wrongful in that it violated the fundamental public policies of this State and of the United States prohibiting retaliation. These public policies are embodied in Labor Code § 1102.5.

31. As a direct and proximate cause of Pacifica's wrongful discharge, Plaintiff has suffered and will continue to suffer damages in an amount within the jurisdiction of this court, the exact amount to be proven at trial.

32. As a proximate result of the wrongful acts of Pacifica, and each of them, Plaintiff has suffered and continues to suffer actual, consequential and incidental financial losses, including without limitation, loss of salary and benefits, emotional distress, humiliation, mental anguish, anger, and embarrassment, all in an amount subject to proof at the time of trial.

33. The aforementioned acts of Pacifica were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Pacifica, or with the express knowledge, consent, and ratification of managerial employees of Pacifica, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at the time of trial.

## THIRD CAUSE OF ACTION

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

34. Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full herein.

35. Defendants' retaliatory actions against Plaintiff constituted severe and outrageous misconduct and caused Plaintiff extreme emotional distress.

36. Defendants had the intention of causing and/or recklessly disregarded the probability of causing emotional distress to Plaintiff and did, in fact, cause emotional distress to Plaintiff. Defendants' misconduct caused Plaintiff severe emotional distress, including, but not limited to, depression and anxiety.

37. As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to

1 sustain substantial losses of earnings and other employment benefits as a result of being emotionally
2 distressed.

3    38.    As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has
4 suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and
5 anguish, all to his damage in a sum according to proof.

6    39.    Defendants' misconduct was done intentionally, in a malicious and oppressive
7 manner, entitling Plaintiff to punitive damages.

## FOURTH CAUSE OF ACTION

## NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

(Against All Defendants)

11    40.    Plaintiff realleges and incorporates all preceding paragraphs, as though set forth in full
12 herein.

13    41.    Defendants owed Plaintiff a duty because of their preexisting relationship as
14 employer-employee, employee-manager/superior, or coworkers, to refrain from retaliating Plaintiff
15 because of his complaints in violation of Labor Code § 1102.5

16    42.    Defendants owed a further duty to Plaintiff to take reasonable steps to take reasonable
17 action to avoid these wrongful acts and to reasonably deal with them upon learning of their existence.

18    43.    Defendants' acts and/or omissions constituting, authorizing, condoning, and ratifying
19 retaliation, as alleged above, toward Plaintiff, and Defendants' failure to take reasonable steps to
20 avoid these wrongful acts or reasonably deal with them upon learning of their existence, constituted
21 breaches of their respective duties.

22    44.    As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has
23 suffered and continues to suffer severe emotional distress. Plaintiff has sustained and continues to
24 sustain substantial losses of earnings and other employment benefits as a result of being emotionally
25 distressed.

26    45.    As a proximate result of Defendants' extreme and outrageous conduct, Plaintiff has
27 suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and
28 anguish, all to his damage in a sum according to proof.

46. The aforementioned acts of Defendants were willful, wanton, malicious, intentional, oppressive, and despicable, and were done in willful and conscious disregard of the rights of Plaintiff, and were done by managerial agents and employees of Defendants, or with the express knowledge, consent, and ratification of managerial employees of Defendants, and thereby justify the awarding of punitive and exemplary damages in an amount to be determined at trial.

## FIFTH CAUSE OF ACTION

## VIOLATION OF BUSINESS & PROFESSIONS CODE § 17200

(Against Defendant PACIFICA OF THE VALLEY CORPORATION)

47. Plaintiff re-alleges and incorporates all preceding paragraphs as though fully set forth herein.

48. California Business and Professions Code §§17200 et seq. (also referred to herein as the "Unfair Business Practices Act," "Unfair Competition Law," or "UCL"), prohibits unfair competition in the form of any unlawful, unfair, or fraudulent business acts or practices.

49. California Business and Professions Code §17204 allows a person injured by the unfair business acts or practices to prosecute a civil action for violation of the UCL.

50. Pacifica committed acts of unfair competition as defined by the Unfair Business Practices Act, by engaging in the unlawful, unfair and fraudulent business acts and practices described in this complaint, including, but not limited to, violation of Labor Code § 1102.5 and common law.

51. The violations of these laws and regulations, as well as of the fundamental California public policies underlying them, serve as unlawful predicate acts and practices for the purposes of Business and Professions Code §§17200 et seq.

52. The acts and practices alleged above have unlawfully deprived Plaintiff of the rights due to him under the law while enabling Pacifica to gain an unfair competitive advantage over law-abiding employers and competitors.

53. As a direct and proximate result of the aforementioned acts and practices, Plaintiff has suffered a loss of money and property in the form of wages and benefits that he would have continued to receive as an employee of Pacifica.

54. Plaintiff seeks an order of this Court awarding restitution, injunctive relief, and all

other legal and equitable relief allowed under Business & Professions Code §17200 et seq., plus interest, attorneys' fees and costs pursuant to, inter alia, Code of Civil Procedure Section 1021.5.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for relief and judgment against Defendants as follows:

1. For all actual, consequential, and incidental damages, including but not limited to back pay, front pay, loss of earnings, and employee benefits, according to proof;

2. For general and special damages according to proof;

3. For restitution for unfair competition pursuant to Business & Professions Code § 17200, including disgorgement of profits resulting from Defendants' unlawful business acts and practices, according to proof;

4. For an order enjoining Defendants and their agents, servants, and employees, and all persons acting under, in concert with, or for them, from acting in derogation of any rights or duties adumbrated in this complaint;

5. For pre-judgment and post-judgment interest, according to proof;

6. For punitive and exemplary damages, according to proof;

7. For attorneys' fees, according to proof;

8. For costs of suit incurred herein;

9. For such other relief the Court may deem just and proper.

### DEMAND FOR JURY TRIAL

Plaintiff hereby demands a jury trial on all issues so triable.

Dated: April 22, 2021          SETAREH LAW GROUP

Shaun Setareh
David Keledjian
Attorneys for Plaintiff
AL FUASTINO DE GUZMAN